GUIDRY, Judge.
This appeal arises from a judgment ordering a writ of mandamus to issue compelling the Clerk of Court of St. Landry Parish to cancel a bond furnished by Ford, Bacon and Davis Construction Corporation (Ford) pursuant to the provisions of LSA-R.S. 9:4841.[1] The pertinent facts giving rise to this litigation are as follows: In 1976 Jerry Cloy, Inc. (Cloy) entered into a written subcontract with Ford pursuant to which Cloy would construct certain road, railroad and canal crossings and install pipeline casings for a pipeline construction project being done by Ford for Colonial Pipeline Company (Colonial). Colonial was the owner of pipeline rights of way on the properties where the pipeline was being constructed, through portions of Calcasieu, Jefferson Davis, Acadia, St. Landry, Pointe Coupee and West Feliciana Parishes. The construction contracts were not recorded. .
After a dispute arose between Cloy and Ford concerning the latter’s alleged failure to perform under the terms of the subcontract, Cloy filed a lien against Colonial pursuant to the Private Works Act, LSA-R.S. 9:4801 et seq., 9:4811 and 9:4812,[2] asserting *1145 a privilege against Colonial’s pipe line in the several parishes above named. This lien was filed in St. Landry Parish on January 4,1977. Ford substituted a bond pursuant to LSA-R.S. 9:4841 for the release and cancellation of the St. Landry Parish lien on January 31, 1977, on which date the lien was cancelled from the public records of that parish. Suit was thereafter timely brought by Cloy in St. Landry Parish against Ford and Colonial for damages suffered by it as a consequence of the contractor’s alleged failure to perform under the subcontract agreement and for recognition and enforcement of its lien rights.
Declinatory exceptions to venue were filed by the defendants, which exceptions were sustained by the trial court on August 10, 1977. In its reasons for judgment, the trial court stated:
“The petition has been met by an Exception of Venue, and it is apparent that the only way plaintiff can sue in St. Landry Parish is if it has a valid lien under 9:4801 et seq., as the venue for both defendants is in Orleans Parish . . . ” [3]
The trial court then reasoned that LSA-R.S. 9:4811 applied only to non-owner lessees and concluded that plaintiff’s lien against work constructed by a non-owner servitude owner was not within the intendment of the cited section of the Private Works Act and was thus invalid. In this regard the trial court stated:

“However, while personally feeling that what is considered a servitude might, in some instances be a lease, the Court applies the doctrine of strict construction with reference to the lease, restricts the lien to lessees; and, since the basic right exercised is declared by both counsel to be a servitude, the Court must find the lien is not permitted under 9:4801 et seq., and consequently, there is no venue in St. Landry Parish.”

The court, by judgment dated and signed August 10, 1977, dismissed the action against Colonial without prejudice, and transferred the action against Ford to Oua-chita Parish pursuant to LSA-C.C.P. Article 121,[4] where such action is still pending.
When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue.
*1146 Following rendition of this judgment Ford filed a motion seeking the issuance of a writ of mandamus to compel the Clerk of Court of St. Landry to cancel the bond which it had substituted for the lien from the public records of that parish. The trial court granted defendant’s motion, stating:

“The court has held the lien herein is invalid. Such being the case, there is no necessity for bonding the lien. This Court is therefore of the opinion that Mandamus to compel cancellation of the bond lies . .’’

The judgment making the alternative writ of mandamus peremptory was rendered and signed on March 15,1978. Cloy has appealed from this judgment, alleging that the earlier ruling which sustained defendant Ford’s exception to venue was only an interlocutory judgment from which no appeal lies and consequently the trial court erred in ordering the cancellation of the bond prior to a final adjudication on the validity of the lien. We agree, and reverse the judgment of the trial court.
Pursuant to the trial court’s judgment rendered on August 10, 1977, sustaining the exceptions to venue, Colonial was dismissed from the suit and the action against Ford was transferred to Ouachita Parish. The express terms of this judgment purport only to sustain the declinatory exception, and do not address the issue of the validity of the lien. The judgment referred to reads in part as follows:
“. . . after hearing the evidence and the law and the evidence being in favor thereof for written reasons assigned:

IT IS ORDERED, ADJUDGED AND DECREED that the declinatory exception to venue filed on behalf of defendant, Colonial Pipeline Company, is hereby sustained and plaintiff’s suit against Colonial Pipeline Company is dismissed, without prejudice, at the cost of plaintiff.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the dec-linatory exception to venue filed on behalf of defendant, Ford, Bacon and Davis Construction Corporation is hereby sustained and ... is hereby transferred to . . . the Parish of Ouachita."

In its Reasons for Judgment, the court stated that it was sustaining the exception because it found the lien to be invalid, but no mention was made of this in the judgment itself.
It is well settled that written reasons for judgment do not form a part of the judgment itself, and do not constitute a final judgment from which an appeal can be taken. Hinchman v. Brotherhood of Electrical Workers, 292 So.2d 717 (La.1974), on remand, 299 So.2d 818, writ den. 302 So.2d 618, cert. den., 421 U.S. 950, 95 S.Ct. 1683, 44 L.Ed.2d 104; Pearce ex rel. Livestock Sanitary Board v. Johnson, 250 So.2d 567 (La.App. 3rd Cir. 1971); Deason v. State Farm Mutual Automobile Ins. Co., 204 So.2d 428 (La.App. 3rd Cir. 1967). A judgment which sustains an exception to venue is an interlocutory judgment which may not be appealed without a showing of irreparable injury. Hobbs v. Fireman’s Fund American Ins. Cos., 293 So.2d 608 (La.App. 3rd Cir. 1974), writ den. 296 So.2d 832; Broussard v. Liberty Mutual Ins. Co., 204 So.2d 714 (La.App. 3rd Cir. 1967); Thibaut v. Thibaut, 346 So.2d 809 (La.App. 1st Cir. 1977). LSA-C.C.P. Art. 2083. As such, this matter may be submitted to the appellate court for review following rendition of a final judgment on the merits. Rapides Cent. Ry. Co. v. Missouri Pac. Ry. Co., 22 So.2d 200 (La.1945); Tannehill v. Souther-land, 228 So.2d 485 (La.1969).
Without addressing the substantial issue of whether the validity of a lien under the Private Works Act can be adjudicated on an exception of venue we simply conclude that in the instant case there has been no final judgment decreeing Cloy’s lien to be invalid and therefore the trial court erred in ordering cancellation of the bond furnished by Ford.
For the above and foregoing reasons the judgment appealed from is reversed and set aside and it is ordered that Ford’s motion for a writ of mandamus be dismissed at appellee’s cost.
REVERSED AND RENDERED.

, LSA-R.S. 9:4841 provides:
“When any contractor shall have entered into a contract to perform private works under the laws of this state governing the letting and awarding of such contracts and in conformity with the requirements thereof, the contractor shall have the right to bond any claim or claims which may be filed or recorded against the said work by depositing with the clerk of court of the parish in which such claims are filed or recorded a bond with surety signed by any surety company authorized to do business in the state for an amount equal to the claim plus one-fourth. The bond shall be approved by the clerk of court conditioned that in the event the legality of such claim or claims is established by suit or otherwise, the bond shall remain in full force and effect to protect the interest of the claimant in the premises.”

. LSA-R.S. 9:4811 provides:
Where any work as hereinabove set forth is done or buildings or other improvements made, where the person for whom the work is done or with whom the contract is made, or by whom the work is done, is not the owner of the land upon which the work is located, then he shall be subject to all the obligations that are made incumbent on the owner, and the privileges shall operate upon whatever right the said person having the work done or doing the work may have to the use of the land as lessee. The privilege shall operate against the lease such person holds, if there is one, or if the said work is caused to be erected by a mineral lessee, then the privilege shall exist against the mineral lease and whatever rights the lessee may have therein, thereon or thereto. The privileges shall not interfere with the lessor’s privilege or his right to demand and recover occupancy of the leased premises in default of the payment of rent, or his right to sell the lease or right of occupancy under any judgment he may obtain against his lessee growing out of the lease. In the case of such sale, *1145 the privileges shall be restricted to the proceeds of sale, and shall not follow the property, the lease, or the right of occupancy. LSA-R.S. 9:4812 provides in part:
when a contract has been entered into but has not been recorded, as and when required, the owner or his authorized agent may file an affidavit that the work has been completed, then any person furnishing service or material or performing any labor on the said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work is being done or has been done, an affidavit of his claim, which recordation, if done within sixty days after the date of the affidavit of completion or if no affidavit of completion is filed within sixty days after the date of the last delivery of all material upon the said property or the last furnishing of services or the last performance of labor upon the same, by the said furnisher of material or services or the said laborer, shall preserve a privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have furnished service or material or performed any labor in connection with the said work or improvement, as his interest may appear. The said claim, recorded as aforesaid, shall preserve a privilege against the property for a period of one year from the date of its recordation, and may be enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated and such cause of action shall prescribe within one year from the date of the recordation of the claim in the mortgage records of the office of the clerk of court or the office of the recorder of mortgages. The effect of the recordation of the claim shall cease and the privilege preserved by the rec-ordation shall perempt unless a notice of filing of a suit (giving the name of the court, the title and number of the proceedings, and date of filing, a description of the property and a reference to the recorded claim), on said claim is recorded within one year from the date of the recordation of the inscription of said claim. . . .

. The trial court submitted additional reasons for judgment, in which it acknowledged that the parish of proper venue for Ford was not in Orleans, but rather in Ouachita Parish, its principal place of business.

. LSA-C.C.P. Article 121 provides: