385 So.2d 453 (1980)
Daize (Daes) CHERAMIE
v.
Raphael VEGAS et al.
No. 13447.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
Rehearing Denied July 7, 1980.
*454 Harold Molaison, Gretna, and P. Keith Daigle, New Orleans, for plaintiffs-appellees Daize (Daes) Cheramie et al.
Edward T. Diaz, Golden Meadow, John R. Martzell, William Rosen, New Orleans, for defendants-appellants Raphael Vegas et al.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
From an interlocutory judgment overruling the dilatory exception, raising the objection of unauthorized use of summary proceedings, the defendants appealed and plaintiffs now move to dismiss the appeal and have the matter remanded. The principal contention of movers is that the judgment, being interlocutory, is not appealable since it cannot cause irreparable injury. La.C.C.P. art. 2083.
We grant the motions to dismiss and remand for further proceedings consistent with these reasons.
On May 21, 1976, a consent judgment was signed by the trial court "permanently fixing and establishing the true boundary line between the Plaintiffs and the Defendants." On May 21, 1979, the plaintiffs petitioned for a rule to show cause "why the judgment heretofore rendered in these proceedings... should not be corrected so as to comply with the intent of the parties at the time said Consent Judgment was rendered." In response to this summary proceeding, one of the defendants, on June 1st filed the dilatory exception raising the objections of vagueness and unauthorized use of summary proceedings. Other defendants, on August 29th, filed the peremptory exception raising the objections of res judicata, no cause of action, and no right of action. These defendants also moved to adopt the dilatory exception previously filed asking that the court consider it as having been made on their behalf.
On November 8th, the trial judge overruled the objection of unauthorized use of summary proceedings concluding "an evidentiary hearing should be held to determine the merits of the contentions made by plaintiff...." He stated that all other exceptions and motions would be taken under advisement and disposed of after the evidentiary hearing.
The issue of possible irreparable harm resulting from the judgment appealed has already been presented to this court upon an application for supervisory writs. We refused the writs noting the lack of showing that irreparable harm would ensue from the trial court's ruling. We have again given careful consideration to appellants' position and concede that serious questions are presented. However, considering the procedural posture of the case, their resolution at the trial level is appropriate and this will not cause irreparable injury to appellants.
The standard for determining whether an interlocutory judgment may cause irreparable injury is whether any error in the judgment may be corrected as a practical matter in an appeal following the determination of the merits. Jacobs v. Jacobs, 365 So.2d 25 (La.App. 4th Cir. 1978). We conclude this is such a case. We would be able to correct any error in the judgment appealed following a determination of the merits of appellees' rule.
More importantly, there are pending exceptions which must be tried and decided in advance of the trial of the merits of the *455 rule. The trial court erred in holding these exceptions would be taken under advisement and disposed of after the evidentiary hearing. LSA-C.C.P. art. 929. Should appellants prevail upon the trial of their peremptory exception, raising the objection of res judicata, the merits of the rule will not be reached.
It is in the interest of judicial time and economy that the trial court hear and determine all issues before it prior to appellate review. Orderly procedure would suggest the dilatory exception raising the objection of vagueness be first tried and thereafter the peremptory exception be tried.
For these reasons, the motions to dismiss are granted and the case is remanded. Appellants are cast for costs of this appeal.
DISMISSED AND REMANDED.