481 So.2d 745 (1985)
GREATER LAFOURCHE PORT COMMISSION
v.
LOUISIANA STATE CIVIL SERVICE COMMISSION.
No. 85 CA 1312.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
*746 George J. Ledet, Jr., Cut Off, for plaintiff-appellee Greater Lafourche Port Commission.
Robert R. Boland, Jr., Civil Service General Counsel, Baton Rouge, for defendant-appellant Louisiana State Civil Service Commission.
Before CARTER, SAVOIE and ALFORD, JJ.

ON MOTION TO DISMISS
CARTER, Judge.
This matter comes on motion of Greater Lafourche Port Commission, plaintiff-appellee, to dismiss the appeal taken by Louisiana State Civil Service Commission, defendant-appellants.
In this action, Greater Lafourche Port Commission filed suit seeking a declaratory judgment as to whether its employees are exempt from the rules and regulations of defendant, Louisiana State Civil Service Commission. Defendant filed a declinatory exception raising the objection of improper venue, contending proper venue is in East Baton Rouge Parish, since statewide commissions are required to be sued in a central location, i.e., where the state capitol is located. The trial court denied the objection of improper venue and defendant has perfected this appeal. Plaintiff has filed a motion to dismiss the appeal on the basis that it is from an interlocutory judgment which plaintiff contends is non-appealable absent a showing of irreparable injury.
LSA-C.C.P. art. 2083 provides:
An appeal may be taken ... from an interlocutory judgment which may cause irreparable injury.
The standard for determining whether an interlocutory judgment may cause irreparable injury is whether any error in the judgment may be corrected as a practical matter in an appeal following the determination of the merits. Cheramie v. Vegas, 385 So.2d 453 (La.App. 1st Cir. 1980).
A judgment denying an objection of improper venue is one that causes irreparable injury since the appellate court has no practical means of correcting the error on appeal after a trial on the merits. Hebert v. Myers, 449 So.2d 185 (La.App. 3rd Cir. 1984); Erdey v. American Honda Company, 404 So.2d 1351 (La.App. 1st Cir.1981). See Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878, footnote 1 (La.1981).
If this court does not review the issue of venue now (and the case is then tried on its merits), the defendant's right to have the suit tried in a proper venue will for all practical purposes be defeated.
For the above reasons, the motion to dismiss is denied at mover's cost.
MOTION DENIED.