492 So.2d 198 (1986)
Robert BELSER, M.D.
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY, et al.
No. CA 86 0302.
Court of Appeal of Louisiana, First Circuit.
July 2, 1986.
*199 Daniel Reed, Baton Rouge, La., for appellants.
Paul Due, Baton Rouge, W. Hugh Sibley, Greensburg, La., for appellee.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
LANIER, Judge.
This is a motion to dismiss an appeal taken from judgments which overruled a dilatory exception pleading the objection of improper venue and a peremptory exception pleading the objection of no right of action. The plaintiff-appellee contends these judgments are interlocutory and not appealable, and this court lacks appellate jurisdiction.

PROCEDURAL FACTS
This is a suit filed in St. Helena Parish claiming damages caused by medical malpractice. The plaintiff, Dr. Robert Belser, is a resident of St. Helena Parish. Belser contends he was hospitalized in East Baton Rouge Parish for surgery, during the surgery he was placed on cardio-pulmonary bypass equipment and that problems with the equipment and the malpractice of the surgeon caused him to develop permanent impairment of vision which, in turn, has precluded him from continuing his profession as a medical doctor.
The surgeon, who is a resident of East Baton Rouge Parish, and his insurer filed a dilatory exception pleading the objection of improper venue and a peremptory exception pleading the objection of no right of action. The former contends the proper venue for the suit is East Baton Rouge Parish, and the latter contends Dr. Belser has no right of action because he filed a petition in bankruptcy and the proper party plaintiff would be the bankruptcy trustee.
After a hearing, the trial court found that the bankruptcy proceedings were concluded prior to the time this suit was filed and found Dr. Belser had a right to bring this action. The trial court also found that, although the surgery occurred in East Baton Rouge Parish, Dr. Belser was damaged in St. Helena Parish because his vision degenerated in St. Helena Parish and he lost his medical practice in St. Helena Parish. The trial court held St. Helena Parish was a parish where the damages were sustained, as provided in La.C.C.P. art. 74, and St. Helena Parish was a proper venue. Judgment was rendered overruling the exceptions. This devolutive appeal followed.

VENUE
A judgment overruling a dilatory exception pleading the objection of improper venue is interlocutory. However, an appeal may be taken from an interlocutory judgment which may cause irreparable injury. La.C.C.P. art. 2083. A judgment overruling a dilatory exception pleading the objection of improper venue may cause irreparable injury and is appealable. Greater Lafourche Port Commission v. Louisiana State Civil Service Commission, 481 So.2d 745 (La.App. 1st Cir.1985).
This portion of the motion to dismiss is denied.

NO RIGHT OF ACTION
A judgment overruling a peremptory exception pleading the objection of no right of action is interlocutory and, thus, is not appealable unless irreparable injury is shown. Appellants have not alleged or shown irreparable injury. There is an adequate remedy available on this issue by review on appeal of a final judgment on the merits. There is no authority in law to raise this issue in the appeal of an interlocutory judgment which may cause irreparable injury (such as the venue judgment). *200 Cf. Ciolino v. Castiglia, 446 So.2d 1366 (La.App. 1st Cir.1984).
This portion of the motion to dismiss is granted.

DECREE
For the foregoing reasons, the motion to dismiss the appeal of the judgment on the dilatory exception is denied and the motion to dismiss the appeal of the judgment on the peremptory exception is granted.
MOTION TO DISMISS DENIED IN PART AND GRANTED IN PART.