509 So.2d 192 (1987)
Huey M. TRAVIS and Polly Bennett Travis
v.
WASTE MANAGEMENT OF MISSISSIPPI, INC.
No. 87 CA 0081.
Court of Appeal of Louisiana, First Circuit.
June 23, 1987.
Brenda H. Verbois, Schwab & Walter, Baton Rouge, for appellants.
Clifton T. Speed, Greensburg, for appellee.
*193 Before EDWARDS, WATKINS and LeBLANC, JJ.
EDWARDS, Judge.
Plaintiffs, Huey and Polly Travis, filed suit against Waste Management of Mississippi, Inc., in St. Helena Parish for breach of an alleged lease agreement. Defendant filed a declinatory exception of improper venue because its principal business establishment is located in Orleans Parish. The trial court overruled defendant's exception and denied its petition and order for appeal. We granted defendant's writ and ordered the trial court to allow defendant to file a suspensive appeal, relying on LSA-C.C.P. art. 2083 and Greater Lafourche Port Comm'n v. Louisiana State Civil Serv. Comm'n, 481 So.2d 745 (La.App. 1st Cir. 1985). On appeal, defendant contends that the trial court committed manifest error in holding that venue was proper in St. Helena Parish. We agree.
Waste Management is a Mississippi corporation licensed to do and doing business in Louisiana. During 1985, it provided garbage collection for St. Helena Parish pursuant to a contract it had with the St. Helena Police Jury. The Travises contend that Waste Management verbally agreed to lease plaintiffs' land and their metal storage building, in order to establish a permanent shop facility in St. Helena Parish. In their suit, plaintiffs allege that defendant used their property from September 1, 1985, until February of 1986, but failed to pay for it.
Generally, suit must be filed in the parish in which the defendant is domiciled. LSA-C.C.P. art. 42(4) states that a action against "[a] foreign corporation licensed to do business in this state shall be brought in the parish where its principal business establishment in the state is located, as designated in its application to do business in the state." Defendant entered into evidence a copy of its license to do business in Louisiana specifying that its principal business establishment and registered office is in Orleans Parish. Accordingly, defendant argues that as a foreign corporation licensed to do business in this state, venue is proper in Orleans Parish rather than St. Helena.
The general venue rules are not without exception. LSA-C.C.P. art. 43 provides that "[t]he general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law." These exceptions must be strictly construed because they are in derogation of a common right. Thus, the party making such a claim must clearly bring itself within the terms of the exception. Hawthorne Oil and Gas Corp. v. Continental Oil Co., 377 So.2d 285 (La. 1979); Reliance Trust v. Texas Gas Transmission Corp., 499 So.2d 202 (La.App. 2d Cir.1986).
In their petition, plaintiffs state only that Waste Management is a foreign corporation licensed to do business in the state. They did not allege that defendant's principal business establishment is in St. Helena Parish or introduce evidence of facts which would bring them within any of the exceptions to the general rules of venue. The record is devoid of evidence indicating that St. Helena, instead of Orleans Parish, is the proper venue for this suit. Plaintiffs' assertion that LSA-C.C.P. art. 77[1] is applicable because Waste Management maintains a business establishment within St. Helena Parish is found only in their memorandum in opposition to defendant's exception of improper venue.[2] A memorandum is not a pleading or evidence, thus plaintiffs' argument is not properly before this court. As the record is silent on whether or not defendant maintains a business office in St. Helena Parish, venue cannot be upheld on this basis.
*194 In Cormier v. Campbell Constr. Co., 258 So.2d 703 (La.App. 3d Cir.1972), the defendant's job superintendent owned and maintained a trailer at the job construction site. He used this as his residence and as an office for work going on at the site. All of the disbursements made by Campbell Construction Company for local services and materials were made from the Baton Rouge office. The trial court found that this facility did not constitute a business office or establishment which would allow plaintiff to sue defendant, a Caddo Parish domiciliary, in Calcasieu Parish. In the instant case, plaintiffs did not allege or prove that defendant established a business office in St. Helena Parish, thus the venue exception under LSA-C.C.P. art. 77 is not applicable here.
The Travises amended their original petition to add a claim for quantum meruit in the event the alleged lease agreement was unenforceable. They also alleged that the defendant was guilty of fraud in taking advantage of the ongoing lease negotiations to use their property free of charge. Now plaintiffs argue that these allegations constitute an "offense or quasi offense" which allow them to file suit in St. Helena Parish. LSA-C.C.P. art. 74 states that "[a]n action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained." While a cause of action can be based upon both contract and tort theories of recovery, the cases usually deal with redhibition and/or products liability claims. See Thibodeaux v. Hood Enterprises, Inc., 415 So.2d 530 (La.App. 1st Cir.1982). In the instant case, plaintiffs' cause of action is based on an alleged lease with Waste Management. The Travises amended petition does not change the nature of their claim. Accordingly, we find that plaintiffs have not clearly shown that their cause of action is of such a hybrid nature as to afford utilization of the special tort venue provided in LSA-C.C.P. art. 74.
For the above reasons, we reverse the trial court's judgment overruling defendant's declinatory exception of improper venue. The evidence supports our holding that venue is proper in Orleans Parish, where the defendant's registered office is located. Therefore, we transfer this case to the Orleans Parish District Court for trial on the merits.
REVERSED.
NOTES
[1] LSA-C.C.P. art. 77 states that "[a]n action against a person having a business office or establishment in a parish other than that where he may be sued under Article 42, on a matter over which this office or establishment had supervision, may be brought in the parish where this office or establishment is located."
[2] On appeal, plaintiffs allege that defendant maintained garbage trucks, equipment, employees, a mechanic, and one supervisor in St. Helena Parish during 1985.