GROVER L. COVINGTON, Chief Judge.
Appellee has filed this motion to dismiss, arguing the appeal is from an interlocutory judgment which is non-appealable absent a showing of irreparable injury.
White Oak, Inc. has filed suit against Katz and Simone (a professional law corporation), Stephen J. Simone, and First National Bank of Jefferson Parish. Defendants [1] filed an exception raising the objection of improper venue. After a hearing the trial court rendered judgment in favor of plaintiff denying the exception. Defendants then filed a motion and order for appeal contending they would suffer irreparable harm unless allowed to appeal. Plaintiff has filed this motion to dismiss.
Code of Civil Procedure art. 2083 provides that an appeal may be taken from an interlocutory judgment which may cause irreparable injury. The standard for *477 determining whether an interlocutory judgment may cause irreparable injury is whether any error in the judgment may be corrected as a practical matter in an appeal following a determination of the merits. Cheramie v. Vegas, 385 So.2d 453 (La.App. 1st Cir.1980). A judgment denying an objection of improper venue is one that causes irreparable injury since the appellate court has no practical means of correcting the error on appeal after a trial on the merits. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878, footnote 1 (La.1981); Greater Lafourche Port Commission v. Louisiana State Civil Service Commission, 481 So.2d 745 (La.App. 1st Cir.1985).
For the above reasons, the motion to dismiss is denied at mover’s cost.
DENIED.

. Only defendants Stephen Simone and Katz & Simone filed the exception of improper venue.