537 So.2d 334 (1988)
Sherry Manchester CROCKETT
v.
Emmett Eugene CROCKETT, Jr., Caren M. Morgan, Kerry A. Kissel and Morgan & Kissel.
No. CW 88 1186.
Court of Appeal of Louisiana, First Circuit.
December 20, 1988.
*335 Michael X. St. Martin, Houma, for plaintiff and appellee, Sherry M. Crockett.
Paul B. Deal, New Orleans, for defendants and appellants, Caren M. Morgan, Kerry A. Kissel and Morgan & Kissel.
Emmett Eugene Crockett, Jr., Kenner, in pro. person.
Before CARTER, LANIER and LeBLANC, JJ.
LANIER, Judge.
This action is a suit for damages in tort by a wife against her husband (from whom she was legally separated) and her husband's attorneys, asserting intentional interference with her custody of the couple's minor child. The defendants filed declinatory exceptions raising the objections of insufficiency of service of process and improper venue and peremptory exceptions raising the objections of no cause of action and no right of action. After a hearing, the trial court overruled all exceptions. The husband's attorneys applied to this court for supervisory relief, asserting the trial court committed error in overruling the objection of improper venue raised in the declinatory exception and the objection of no cause of action raised in the peremptory exception. This court issued a writ of certiorari to review those rulings.[1]

FACTS
The general facts surrounding this case are set forth in Crockett v. Crockett, 525 So.2d 304, 304-305 (La.App. 1st Cir.), writ denied, 532 So.2d 117 (La.1988), as follows:
The parties were married on June 20, 1981, and established their matrimonial domicile in Terrebonne Parish, Louisiana. One child was born of the marriage, namely Jason D. Crockett. On June 12, 1986, appellee [Sherry Manchester Crockett] filed a petition for separation from bed and board in Terrebonne Parish requesting sole custody of the minor child. On September 29, 1986, the trial court rendered judgment awarding custody to both parties jointly, designating appellee as the primary custodian and awarding appellant [Emmett E. Crockett, Jr.] visitation rights pursuant to a joint custody plan.
On November 6, 1986, appellant filed a rule seeking to implement a joint custody plan. Thereafter, appellant discovered that appellee and their minor child had moved to Massachusetts. In December, 1986, appellant and appellee met in the chambers of Terrebonne Parish District Judge Edward J. Gaidry to discuss the joint custody plan. Pursuant to the meeting, appellant was granted visitation of Jason from January 2-January 23, 1987. Appellant was thereafter to return the child to Massachusetts. However, on January 21, 1987, appellant filed a petition for a change of custody in Jefferson Parish, alleging that he was a resident of that parish. By ex parte order, the trial court ordered that the child remain in Jefferson Parish pending a hearing on the custody petition.3 Appellant *336 failed to return the minor child on January 23, 1987, in violation of the Terrebonne Parish court ordered visitation plan.
Thereafter, appellee filed a rule for contempt of court or, alternatively, to enforce the existing visitation schedule. The trial court found appellant in contempt of court and sentenced him to thirty days in the Terrebonne Parish jail.4
On February 18, 1987, appellee filed a petition for change of custody. After hearing, the trial court terminated the joint custody arrangement and granted appellant six days supervised visitation per month in Massachusetts until after December 31, 1987, at which time the court would entertain appellant's request for unsupervised visitation and/or increased visitation.
3 This court and the Fifth Circuit Court of Appeal found Terrebonne Parish to be the correct venue for the case.
4 The Louisiana Supreme Court granted appellant's writ on the contempt judgment, in part, and the sentence for contempt was reduced to coincide with time already served.
[Footnotes 1 and 2 omitted.]
The attorneys for Mr. Crockett in the Jefferson Parish proceedings were the partnership of Morgan & Kissel, formed by Caren M. Morgan and Kerry A. Kissel. The partnership and its individual members are alleged to be domiciled in Jefferson Parish.
In September of 1987, Mr. Crockett filed written declarations in Terrebonne and Jefferson Parishes which stated he was domiciled in Jefferson Parish. This suit was filed in Terrebonne Parish in November of 1987.

OBJECTION OF IMPROPER VENUE

(Assignment of Error Number 1)
The relators assert venue is improper in Terrebonne Parish because (1) they are not domiciled in Terrebonne Parish, (2) Mr. Crockett was not domiciled in Terrebonne Parish at the time suit was filed, (3) any waiver of venue by Mr. Crockett is not binding on them,[2] (4) any alleged tort occurred in Jefferson Parish and not in Terrebonne Parish, and (5) any alleged damage to Mrs. Crockett occurred in Massachusetts and not in Terrebonne Parish. The respondent asserts venue is proper in Terrebonne Parish because (1) the declarations of domicile are not conclusive, the facts show Mr. Crockett moved to Jefferson Parish for the purpose of establishing venue there, and the trial court "would have been well within its discretion to find that the defendant Crockett had not, in fact, established a domicile in Jefferson Parish," (2) Mr. Crockett's wrongful conduct occurred in Terrebonne Parish because he violated a valid custody order issued by the Terrebonne Parish district court, and (3) Mrs. Crockett was damaged in Terrebonne Parish because she was physically present there seeking court assistance to obtain the return of her child during February, March and April of 1987.[3]
Venue means the parish where an action or proceeding may properly be brought and tried pursuant to the rules regulating the subject. La.C.C.P. art. 41. The objection of improper venue raised in a declinatory exception declines the jurisdiction of the court because the action has not been filed in the correct parish. La.C.C.P. arts. 923 and 925(4).
La.C.C.P. art. 42 is the general rule for venue and provides, in pertinent part, as follows:
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence;
. . . .
(3) A domestic partnership, or a domestic unincorporated association, shall be brought in the parish where its principal business establishment is located[.] *337 La.C.C.P. art. 74 is a special venue rule, which provides, in pertinent part, as follows:
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.
The plaintiff in this suit may bring this action in any venue authorized by Articles 42 and 74. La.C.C.P. art. 45(3). Where the defendants are joint or solidary obligors, the action may be brought in any parish of proper venue under Article 42. La.C.C.P. art. 73. However, the venue rules of Articles 71 through 83 are exceptions to the general venue rule of Article 42; as exceptions, they are in derogation of a common right; the jurisprudence requires a strict construction of the venue exceptions; and a party claiming the benefit of an exception (such as Article 74) must bring himself clearly within the exception. Belser v. St. Paul Fire & Marine Insurance Company, 509 So.2d 12 (La.App. 1st Cir.1987).

Mr. Crockett's Domicile When Suit Was Filed
The only evidence presented at the trial of the objection of improper venue was copies of the declarations of domicile and the transcript[4] of the March 5, 1987 trial of objections of lis pendens and improper venue filed by Mrs. Crockett in the Jefferson Parish district court proceedings. This evidence shows the following pertinent facts. Prior to January 15, 1987, Mr. Crockett lived at 303 Cypress Village Drive, Houma, Terrebonne Parish, Louisiana. On that date, he moved to 1932-B Faith Place, Gretna, Jefferson Parish, Louisiana, and lived there under a lease with a one year term. When he left Houma, Mr. Crockett disconnected the utilities at the house, and the house (owned by he and Mrs. Crockett) was listed with a realtor for sale. Mr. Crockett left a change of address notice at the Houma post office. Mr. Crockett moved to Gretna because (1) his wife had moved to Massachusetts, (2) his work was primarily in the New Orleans area, (3) his family was located in Jefferson Parish and New Orleans, and (4) his mother was able to help him with his child there. In September of 1987, Mr. Crockett filed written declarations that his domicile was in Jefferson Parish in the public records of Jefferson and Terrebonne Parishes.
La.C.C.P. art. 71 provides as follows:
An action against an individual who has changed his domicile from one parish to another may be brought in either parish for a period of one year from the date of the change, unless he has filed a declaration of intention to change his domicile, in the manner provided by law. [Emphasis added.]
La.C.C. arts. 41 and 42 provide as follows:
Art. 41. A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there.
Art. 42. This intention is proved by an express declaration of it before the recorders of the parishes, from which and to which he shall intend to remove.
This declaration is made in writing, is signed by the party making it, and registered by the recorder.
When this suit was filed in November of 1987, Mr. Crockett had complied with La.C. C.P. art. 71 and La.C.C. arts. 41 and 42, and, thus, for purposes of proper venue, he was domiciled in Jefferson Parish. La.C. C.P. art. 42 does not provide venue for this suit in Terrebonne Parish. Mrs. Crockett must rely on La.C.C.P. art. 74 to establish venue in Terrebonne Parish.

Where Did The Wrongful Conduct Occur? Where Was The Damage Sustained?
At the March 5, 1987 hearing in Jefferson Parish, Mrs. Crockett testified she flew from Massachusetts to New Orleans, Louisiana, and then drove to Houma on February 5, 1987. She came back to *338 Louisiana for the March 5, 1987 hearing in Jefferson Parish. This is the only evidence[5] presented at the trial of the objection of venue which is pertinent to La.C. C.P. art. 74. In the absence of other evidence, this portion of the objection of improper venue must be determined on the facts alleged in the petition (as amended), and all allegations thereof not in conflict with the evidence presented must be accepted as true. Cf. Capital Drilling Company v. Graves, 496 So.2d 487 (La.App. 1st Cir.1986). The pertinent portions of the amended petition are as follows:

-8-
Pursuant to the court's order of December 31, 1986, Mrs. Crockett surrendered her minor child to defendant on January 2, 1987, with the understanding that the child was to be returned to her on January 23, 1987, as indicated in the proposed custody plan.

-9-
On January 23, 1987, defendant failed to return the minor child to plaintiff, as previously agreed by the parties and ordered by Judge Gaidry.

-10-
The defendant did not return the child Jason to Mrs. Crockett until April 7, 1987.

-11-
For a period of seventy-seven (77) days the defendant Emmett Eugene Crockett, Jr. retained physical custody of the child in contravention of the Orders of the 32nd Judicial District Court for the Parish of Terrebonne. Also during that time, the defendant Emmett Eugene Crockett, Jr., denied plaintiff the right to freely speak with the child, to visit with the child, or to allow the child on outings with her.

-12-
Also during the time that the defendant Emmett Eugene Crockett, Jr. was exerting unlawful control over the child, the child was involved in an automobile accident with the defendant Evelyn Crockett, and this information was maliciously and deceitfully withheld from petitioner.

-13-
During the period of time that the defendant Emmett Eugene Crockett, Jr. was exerting unlawful control over the minor child Jason Crockett, said defendant subjected plaintiff to verbal abuse and harassment, and caused plaintiff to sustain mental anguish and humiliation over the whereabouts and well-being of her child.

-14-
Plaintiff alleges that the defendants Caren M. Morgan, Kerry A. Kissel and the law firm of Morgan & Kissel, advised the defendant Emmett Eugene Crockett, Jr. to refuse to return the child to Brewster, Massachusetts, on January 23, 1987, and to seek a change of custody in Jefferson Parish, Louisiana.

-15-
It is further alleged that the defendants Caren M. Morgan and Kerry A. Kissel and the law firm of Morgan & Kissel continued for a period of seventy-seven (77) days to advise the defendant Emmett Eugene Crockett, Jr. not to return the child Jason Crockett to the lawful custody of his mother.

-16-
As a result of defendant Emmett Eugene Crockett, Jr.'s unlawful exertion of control over the minor Jason Crockett, petitioner was forced to leave Massachusetts where she was gainfully employed and come to Louisiana in an attempt to oversee the well-being of the child, and to institute legal proceedings in Terrebonne *339 Parish and in Jefferson Parish to have the child returned to her. She incurred travel expenses and lost time from work.

-17-
Petitioner itemizes her damages as follows:

A. Mental pain and anguish,
 humiliation,
 embarrassment; $100,000.00
B. Loss of earnings; $ 1,500.00
C. Travel expenses, including
 food, gas,
 lodging, airfare,
 etc.; $ 2,101.04
D. Attorney's fees and
 costs; $ 10,000.00
 ___________
 TOTAL ... $113,601.04

In these pleadings, Mrs. Crockett asserts the commission of a continuous tort during the period of January 23, 1987, to April 7, 1987. In brief, she makes the following factual claims:
At the time of the contempt ruling, February 9, 1987, defendant Crockett was ordered to return the child to the lawful custody of respondent, who was physically present in Terrebonne Parish, Louisiana at the time seeking court assistance in Terrebonne Parish for the return of the child. Defendant Crockett refused to comply.
Again, on April 1, 1987, defendant Crockett was ordered by Honorable Edward J. Gaidry, in connection with a Petition for Writ of Habeas Corpus, to appear with the child in the 32nd Judicial District Court for the Parish of Terrebonne, and to return the child there, in Terrebonne Parish, to the physical custody of respondent, who was waiting for the child in Terrebonne Parish. Defendant Crockett again refused to comply.
. . . .
Respondent was physically present in Terrebonne Parish seeking court assistance (which was ultimately successful) while awaiting the return of her child from February 58, 1987; March 46, 1987; and March 8April 8, 1987, and during those times, defendant Crockett was refusing to return the child to her. The damages sustained by respondent as outlined in her petition, particularly the mental pain and anguish, humiliation and embarrassment, were incurred predominantly in Terrebonne Parish. The wrongful conduct involved was defendant Crockett's failure to return the child to Terrebonne Parish in compliance with orders of a Terrebonne Parish District Court.... It was defendant Crockett's absence from Terrebonne Parish in the face of valid court orders demanding his appearance that constituted the wrongful conduct.
Most of these factual allegations are not contained in the petition and were not established at the trial of the exception. An appellate court may not consider facts referred to in brief which are not in the pleadings or the evidence because the briefs of the parties are not part of the record on appeal. State ex rel. Guste v. Thompson, 532 So.2d 524 (La.App. 1st Cir. 1988); Franklin v. City of Baton Rouge, 525 So.2d 674 (La.App. 1st Cir.1988).
The competent evidence of record and the pleadings are ambivalent about whether or not wrongful conduct occurred and/or damages were sustained in Terrebonne Parish during the alleged continuous tort. In the interest of justice, we will remand this case to the trial court for a full evidentiary hearing on these issues. On remand, the burden of proof shall be on Mrs. Crockett.[6]Travis v. Waste Management of Mississippi, Inc., 509 So.2d 192 (La.App. 1st Cir.1987).

OBJECTION OF NO CAUSE OF ACTION

(Assignment of Error Number 2)
Because the objection of improper venue raised in a declinatory exception declines the jurisdiction of the trial court since the action has not been filed in the correct parish, we question our authority to rule on *340 the objection of no cause of action until we have resolved the venue objection adversely to the relators. If the Terrebonne Parish district court on remand concludes that the objection of venue has merit, it will decline to exercise jurisdiction, and its prior judgment on the objection of no cause of action must be vacated because of lack of jurisdiction. The objection of no cause of action could then be raised in a trial court of proper venue (which would be Jefferson Parish located in the jurisdiction of the Court of Appeal, Fifth Circuit). For these reasons, we decline to act at this time on the objection of no cause of action, reserving to the relators the right to reassert an assignment of error thereto in an appeal from a subsequent adverse ruling in the trial court on the retrial of the objection of venue.

DECREE
For the foregoing reasons, the judgment of the trial court overruling the objection of improper venue raised in the declinatory exception is reversed, and this action is remanded to the trial court for an evidentiary hearing on whether or not there is venue in this case in Terrebonne Parish under La.C.C.P. art. 74. Relators are cast for the cost of this writ.
REVERSED AND REMANDED.
NOTES
[1] A judgment overruling a declinatory exception raising the objection of improper venue is appealable. Greater Lafourche Port Commission v. Louisiana State Civil Service Commission, 481 So.2d 745 (La.App. 1st Cir.1985). If the relators (attorneys) had appealed this judgment, the judgment overruling the objection of no cause of action raised in the peremptory exception would not have been considered in the appeal. Belser v. St. Paul Fire & Marine Insurance Company, 492 So.2d 198 (La.App. 1st Cir. 1986). However, when we reviewed the writ application on the objection of no cause of action, our initial impression was that the judgment overruling it was arguably incorrect and that a writ of certiorari should be issued. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). Accordingly, we granted certiorari on both issues. We declined to deny the writ on the objection of improper venue, even though it involved an appealable judgment. After we issued the writ of certiorari herein, the husband attempted to intervene in the writ. We denied his motion to do so. Lamana v. LeBlanc, 515 So.2d 622 (La. App. 1st Cir.1987), reversed on other grounds, 526 So.2d 1107 (La.1988).
[2] Simmons v. Hope Contractors, Inc., 447 So.2d 638 (La.App. 3rd Cir.1984).
[3] The petition asserts the child was returned to her on April 7, 1987.
[4] This transcript indicates that a certified copy of the transcript of a February 6, 1987 hearing held in the Terrebonne Parish proceedings was filed in evidence, but this Terrebonne transcript is not a part of this record.
[5] La.C.C.P. art. 930.
[6] Ordinarily, the burden of proof is on the exceptor. Town of Grand Isle v. Dynamic Constructors, Inc., 374 So.2d 703 (La.App. 1st Cir. 1979).