545 So.2d 697 (1989)
Francis Elaine Foster CALDWELL
v.
VAC FEDERAL CREDIT UNION.
No. 20977-CA.
Court of Appeal of Louisiana, Second Circuit.
June 8, 1989.
Stephen R. Burke, Minden, for appellant.
Blanchard, Walker, O'Quin & Roberts by Keith Carter, Shreveport, for appellee.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.

ORDER
Defendant-appellee, VAC Federal Credit Union, filed a motion to dismiss an appeal taken by plaintiff-appellant, Francis Elaine F. Caldwell, from a judgment of the district court granting defendant's exception to venue and transferring the case to the district court of another parish.
Appellee recognizes the now well established rule that the overruling of an exception to venue may cause irreparable harm and therefore is an appealable interlocutory judgment. LSA-C.C.P. Art. 2083; Sales Tax Collector v. Eckco Fabricators, 423 So.2d 1218 (La.App. 5th Cir.1983); Erdey v. American Honda Company, 404 So.2d 1351 (La.App. 1st Cir.1981); Belser v. St. Paul Fire & Marine Insurance Company, 492 So.2d 198 (La.App. 1st Cir.1986); Hebert v. Myers, 449 So.2d 185 (La.App. 3d Cir.1984); Artigue v. St. Paul Fire & Marine Insurance Company, 537 So.2d 1238 (La.App. 4th Cir.1989); Greater LaFourche Port Commission v. Louisiana State Civil Service Commission, 481 So.2d 745 (La.App. 1st Cir.1985). See also Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). Such a judgment is considered as causing irreparable injury because the effect of such a judgment, trying the case in a parish of improper venue, cannot, as a practical matter, be corrected on appeal.
Appellee argues, however, that the same rule should not be applied to a judgment sustaining an exception to venue. Appellee cites Cashio v. Cashio, 364 So.2d 188 (La.App. 1st Cir.1978) and Ford, Bacon & Davis Construction Company v. Doga, 365 So.2d 1143 (La.App. 3d Cir.1978) which held that a judgment sustaining an exception to venue is not an appealable interlocutory judgment. These cases were decided prior to the cases cited above which relied on an expression in a footnote by the Supreme Court in the Herlitz case.
There is no reason for a distinction between a judgment denying an exception to venue and a judgment granting an exception to venue. Neither of these judgments can be corrected on appeal if the case is tried in a parish of improper venue. The cases relied on by appellee are no longer valid authority.
The judgment granting defendant's exception to venue and transferring the case to the district court of another parish is an appealable interlocutory judgment. Accordingly, the motion to dismiss the appeal is overruled.
MOTION TO DISMISS OVERRULED.