562 So.2d 930 (1990)
Veronica PERKINS
v.
STATE BOARD OF ELEMENTARY AND SECONDARY EDUCATION, et al.
No. 88 CA 1479.
Court of Appeal of Louisiana, First Circuit.
April 18, 1990.
Writ Denied June 29, 1990.
David Verlander, III, Monroe, for plaintiff-appellant Veronica Perkins.
R. Bruce Macmurdo, Baton Rouge, for defendant-appellee State Bd. of Elementary and Secondary Educ., et al.
Before COVINGTON, C.J., and WATKINS and DOHERTY, JJ.[*]
WATKINS, Judge.
This suit is on remand from the Louisiana Supreme Court, 556 So.2d 1254, and involves a claim by the plaintiff that she was wrongfully removed from a tenured teaching position by the State Board of Elementary and Secondary Education (BESE) in violation of LSA-R.S. 17:45. The district court ruled on motion for summary judgment that plaintiff was not tenured at the time of her termination and therefore not entitled to a termination hearing under LSA-R.S. 17:45. In our original opinion we affirmed on the grounds that the plaintiff failed to prove that her employment required her to have a teaching certificate and thus she was not a "teacher" as defined by the statutes under which she seeks tenure protection. The Louisiana Supreme Court granted writs and vacated our judgment based on its finding that the plaintiff was required to have a teaching certificate pursuant to LSA-R.S. 17:1947(C). The suit was remanded for consideration of whether plaintiff's service with the Department of Health and Human Resources (DHHR) prior to her employment with BESE should be credited toward her acquisition of tenure.
The pertinent facts as set forth in our original opinion are as follows:
Plaintiff, Veronica Perkins, appeals the trial court judgment upholding her discharge *931 as a teacher by the defendant, State Board of Elementary and Secondary Education (BESE). Plaintiff contends that she was removed from her position as a tenured teacher in violation of LSA-R.S. 17:45. The suit was heard on cross motions for summary judgment, with the only issue being whether the plaintiff was a tenured teacher under the provisions of LSA-R.S. 17:45. The trial court found that plaintiff was not tenured and accordingly dismissed her suit....
Plaintiff appealed the trial court judgment alleging trial court error in interpreting the statute and alternatively that the statute violates her constitutional guarantee of equal protection of the laws.
Plaintiff began employment with the Ruston State School as a special education teacher in June of 1978. At that time, the Ruston State School was operated by the state through the Department of Health and Human Resources (DHHR). Under the DHHR rules, all employees, including the plaintiff, were considered civil service employees. In the summer of 1979, the legislature created "Special School District Number One" (SSD # 1), into which were consolidated all of the State Special Schools. SSD # 1 was governed by the state through the Board of Elementary and Secondary Education (BESE).
In July of 1979, employees at the Ruston State School, who had teaching certificates, were offered the option of remaining in a classified civil service position or entering into employment with BESE as probationary teachers pursuant to the tenure laws set forth in Acts 1979, Number 260, now LSA-R.S. 17:43-46.
The plaintiff entered into a contract with BESE in 1979, and continued to teach at the Ruston State School until she was terminated, without a hearing, in June of 1982. There is no dispute that the procedure by which she was terminated did not satisfy the requirements for termination of a tenured employee under LSA-R.S. 17:45, which provides:
A. As used in the Subpart, the word "teacher" means any certified employee in a special school who holds a teacher's certificate and whose legal employment requires certification under the regulations of the board or of any certification authority established by law. A teacher shall be entitled to tenure benefits as follows:
(1) Each teacher shall serve a probationary term of three contract years to be computed from the date of his first appointment in the special school in which the teacher is serving his probation. During the probationary term, the board may dismiss or discharge any probationary teacher upon the written recommendation of the superintendent or other head or director of the special school accompanied by valid reasons therefor.
Any teacher found unsatisfactory by the board, at the expiration of the probationary term, shall be notified in writing by the board that he has been discharged or dismissed; in the absence of such notification, such probationary teacher shall automatically become a regular and permanent teacher in the employ of the special school where he has successfully served his three year probationary term; all teachers in the employ of a special school as of September 1, 1979, who hold proper certificates and who have served satisfactorily as teachers in the special school where employed for more than three consecutive years, are declared to be regular and permanent teachers in the employ of the special school.

(2) A permanent teacher in a special school shall not be removed from office except upon written and signed charges of wilful neglect of duty, or incompetency, or dishonesty, and then only if found guilty after a hearing by the board or by a committee of the board, which hearing may be public or private at the option of the teacher.... (Emphasis added.)
According to LSA-R.S. 17:45, a teacher becomes tenured after he serves a probationary *932 term of three contract years. Prior to becoming tenured, the teacher may be terminated simply upon the recommendation of a supervisor. However, once the teacher becomes tenured, he may only be terminated after a hearing is conducted.
The primary issue contested by the parties at trial and on appeal is whether the plaintiff's service as a teacher with the DHHR prior to September 1, 1979, should be considered "contract years" with BESE and credited toward her acquisition of tenure under LSA-R.S. 17:45.
LSA-R.S. 17:45 provides that "[e]ach teacher shall serve a probationary term of three contract years to be computed from the date of his first appointment in the special school in which the teacher is serving his probation." [Emphasis supplied.] Ms. Perkins' first appointment in the Ruston State School was in July 1978. Nevertheless, defendant contends that Ms. Perkins' 14 months of service at the Ruston State School prior to September 1, 1979, should not be credited toward her probationary period because she was a civil service employee during those months and she did not sign yearly contracts with the school. We find it difficult to agree with this argument. If the legislature had intended for the term "contract years" to be the controlling factor in the provision, the legislature would have provided that the years be computed from the date of the teacher's first contract. Instead, the legislature provided that the period be computed from the first "appointment," a term which is broad enough to encompass a civil service appointment.
Next the defendant argues that the legislature's inclusion of a grandfather clause in LSA-R.S. 17:45 indicates that the legislature did not intend that service with DHHR by a classified civil servant prior to the passage of the act would count as service with BESE. LSA-R.S. 17:45 A(1) provides that teachers who were employed for more than three consecutive years prior to September 1, 1979, were grandfathered into the BESE positions as regular and permanent teachers and not as teachers on probationary status. Defendant argues that if the legislature intended for all prior service to be credited toward tenure with BESE there was no need to include the "grandfather clause" declaring the permanent or tenured status of teachers with more than three consecutive years as of September 1, 1979. In construing a statute we are bound to consider all parts together, giving effect to all parts, if possible, and not construing as surplusage any sentence, clause or word, if a construction can be legitimately found which will give meaning to and preserve all the words of the statute. The grandfather clause does not prohibit certified teachers with less than three years service prior to September 1, 1979, from being credited with their prior service. Considering all parts of the statute together we can find no rational basis for concluding that the legislature intended for a teacher with three years service prior to September 1, 1979, to be credited with all of her service and a teacher with less than three years to be credited with none of her service.
In seeking to arrive at the intent of the legislature we also find persuasive the declaration of legislative policy in LSA-R.S. 17:43 which provides that the special schools comprising Special School District Number One, operated and maintained by BESE, shall provide all benefits, privileges, rights, and powers as provided for certificated teachers in the public elementary and secondary school in the interest of statewide uniformity of administration of teacher welfare benefits. For us to adopt the "all or nothing at all" approach suggested by defendantsthat a teacher who served three years prior to September 1, 1979, is permitted full credit for her service but a teacher with less than three years is permitted no credit at all for the same type of servicewould undermine the stated legislative intent to provide uniformity of benefits for all teachers in the district.
Accordingly, we conclude that Ms. Perkins' 14 months of service prior to September 1, 1979, must be credited toward service of the three-year probationary period. *933 Consequently, Ms. Perkins was tenured at the time of her termination from the Ruston State School and is entitled to a termination hearing as provided in LSA-R.S. 17:45.
The issue of Ms. Perkins' entitlement to back pay was not addressed by the trial court nor briefed or argued to this court, and therefore we do not reach this issue.
For the foregoing reasons we reverse the trial court judgment, and remand for further proceedings. Costs to await the final outcome of this matter.
REVERSED AND REMANDED.
NOTES
[*] Judge Lewis S. Doherty, III, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court to fill the vacancy created by the temporary appointment of Judge Melvin A. Shortess to the Supreme Court.