JjDOUCET, Chief Judge.
Plaintiff-Employer, Western Southern Life Insurance Company (Western), appeals a decision by an Office of Workers’ Compensation (OWC) judge finding Defendant, Don W. Lafleur, Western’s employee, to be the “Claimant” in the dispute and, as such, entitled to chose the venue in which the proceeding will be held.
At the outset we note that this is an appeal from the granting of a motion to change venue. Such a ruling is interlocutory in nature and, thus, is ordinarily reviewed via an application for writs. However, this court and our brethren of the first, second, and fourth circuits have recognized that rulings on questions of venue | ¿may cause irreparable harm and thus are appealable. See Hebert v. Mid South Controls and Services, Inc., 96-378 (La.App. 3 Cir. 10/9/96); 688 So.2d 1171, cert. denied, 522 U.S. 814, 118 S.Ct. 61, 139 L.Ed.2d 24 (1997); Caldwell v. VAC Fed. Credit Union, 545 So.2d 697 (La.App. 2 Cir.1989); First Fed. Sav. and Loan of Warner Robins, Georgia v. Disiere, 542 So.2d 11 (La.App. 4 Cir.), writ denied, 548 So.2d 311 (La.1989); Crockett v. Crockett, 537 So.2d 334 (La.App. 1 Cir.1988). See also, La.Code Civ.P. art.2083.
Accordingly, we find the appeal properly before this court..
BACKGROUND
Western’s employee, Don Lafleur, allegedly sustained a work related injury on August 13, 1997, while lifting a “collection book” and laptop computer over the steering wheel of his automobile. Mr. Lafleur reported the alleged accident and injury to his employer, and Western began paying him workers’ compensation benefits. On September 17, 1998, Western filed a “Disputed Claim For Compensation” form (WC-1008) in District Four of the OWC in Lafayette, Louisiana. Mr. Lafleur, who lives in Lake Charles, Louisiana, retained legal counsel and, thereafter, on December 2, 1998, filed a “Motion To Transfer To Proper Venue” seeking to have the proceedings transferred to District Three of the OWC in Lake Charles. Western opposed the motion, and a hearing was held on February 25, 1999. Following the hearing, the OWC judge granted Mr. La-fleur’s motion, and Western appealed.
LAW AND DISCUSSION
La.R.S. 23:1310.4, which governs the place workers’ compensation proceedings are to be held, provides as follows:
| a A. (1) At the time a claim is initiated with the director, the claimant shall elect the situs of necessary hearings by the workers’ compensation judge.
(2) If the claimant is a domiciliary of the state of Louisiana, he shall be required to elect either the judicial district of the parish of his domicile at the time he sustained his injury, the judicial district of the parish where the injury occurred, or the judicial district of the parish of the principal place of business of the employer.
(3) In the event that the claimant is not a domiciliary of the state of Louisiana, the necessary hearings shall be held in the judicial district of the parish of the principal place of business of the employer, provided, that if the injury occurred within the state, the hearings shall be held in the judicial district of the parish where the injury occurred.
(4) In the event the claimant is not a domiciliary of the state of Louisiana and the accident resulting in injury occurred outside the territorial limits of the state, the hearings shall be held in the judicial district of the parish in this state wherein the contract of employment was made or in which the employment was principally localized.
B. After the election has been made as provided above, all future hearings affecting the claimant’s case shall be *256 held in the judicial district so designated unless the workers’ compensation judge, upon agreement by the claimant and the employer, shall transfer such cause for hearing to any other judicial district agreed upon. In addition, hearings may be held in any location if the workers’ compensation judge determines that good cause has been shown.
Western maintains that since it filed the WC-1008, it should be considered the “claimant” and entitled to pick the venue of the proceedings. In Edwards v. Daugherty, 97-1542 (La.App. 3 Cir. 3/10/99); 729 So.2d 1112, a panel of this court, addressing the law applicable to the interpretation of statutes stated:
In interpreting a statute, we must “consider all parts together, giving effect to all parts, if possible, and not construing as surplusage any sentence, clause or word, if a construction can be legitimately found which will give meaning to and preserve all the words of the statute.” Perkins v. State Bd. of Elementary and Secondary Educ., 562 So.2d 930, 93[2] (La.App. 1 Cir.), writ denied, 565 So.2d 448 (La.1990). The legislature is never presumed to have inserted “superfluous, useless and meaningless words, sentences, phrases, or clauses in its enactments.” Colwell v. State, Through Office of Atty. Gen. of Louisiana, 506 So.2d 941, 944 (La.App. 1 Cir.), writ denied, 508 So.2d 89 (La.1987).
Id. at p. 17; 1123-24.
It is clear from the context of La.R.S. 23:1310.4 that the word “claimant” refers to the employee, not the employer, no matter who filed the WC-1008. We refer to §§ A(2), (3) and (4) and particularly to § B. To hold that “claimant” means anyone other than the employee would cause separate references to “claimant” and “employer” in §§ A(2), (3) and (4) and the phrase “claimant and the employer” in § B of the statute to be confusing and lead to constructions which would not “give meaning to and preserve all the words of the statute.” Edwards, at 1123, quoting Perkins. See also Ross v. Highlands Ins. Co., 590 So.2d 1177 (La.1991).
Accordingly, for the reasons stated, the judgment of the OWC judge is affirmed. All costs of this appeal are assessed against Appellant, Western Southern Life Insurance Company.
AFFIRMED.