LPER CURIAM.
The issue before the Court in this writ application is whether an employer may be considered the claimant under LSA-R.S. 23:1310.4 and choose the situs of the necessary hearings. We grant the application for the following reasons.
Terry Ryder was allegedly injured on or about September 27, 2001, while working as a floor hand for Rowan Companies, Inc. (Rowan). After the accident, Ryder, *541 through his attorney, advised Rowan of a claim for workers’ compensation benefits. However, before Ryder filed a formal claim for compensation or received any benefits, Rowan filed an LDOL-WC-1008 Disputed Claim for Compensation on July 24, 2002, in the Office of Workers’ Compensation, District 9, Houma, Louisiana.
Thereafter, Ryder filed a declinatory exception raising the objection of improper venue and a motion to transfer. Ryder argues, as he did below, that the use of “claimant” in Section A of LSA-R.S. 23:1310.4 refers to the employee, not the employer, and thus, as the employee he is the proper “claimant” to elect the situs of the necessary hearings. After a hearing, the Office of Workers’ Compensation Judge, relying on Hearing Rule 5501.B(1), found that because Rowan as claimant/employer elected the situs of its principal place of business in St. Mary Parish as venue, venue is proper in the District 9, Southern Division, Office of Workers’ Compensation.
Louisiana Revised Statute 23:1310.4, which governs the place workers’ compensation proceedings are to be held, provides:
A. (1) At the time a claim is initiated with the director, the claimant shall elect the situs of necessary hearings by the workers’ compensation judge.
(2) If the claimant is a domiciliary of the state of Louisiana, he shall be required to elect either the judicial district of the parish of his domicile at the time he sustained his injury, the judicial district of the parish where the injury occurred, or the judicial district of the parish of the principal place of business of the employer.
(3) In the event that the claimant is not a domiciliary of the state of Louisiana, the necessary hearings shall be held in the judicial [¡¡district of the parish of the principal place of business of the employer, provided, that if the injury occurred within the state, the hearings shall be held in the judicial district of the parish where the injury occurred.
(4)In the event the claimant is not a domiciliary of the state of Louisiana and the accident resulting in injury occurred outside the territorial limits of the state, the hearings shall be held in the judicial district of the parish in this state wherein the contract of employment was made or in which the employment was principally localized.
B. After the election has been made as provided above, all future hearings affecting the claimant’s case shall be held in the judicial district so designated unless the workers’ compensation judge, upon agreement by the claimant and the employer, shall transfer such cause for hearing to any other judicial district agreed upon. In addition, hearings may be held in any location if the workers’ compensation judge determines that good cause has been shown.
The Third Circuit, in Western Southern v. Lafleur, 99-810, pp. 3-4 (La.App. 3 Cir. 11/3/99), 746 So.2d 254, 256, writ denied, 99-3387 (La.2/4/00), 754 So.2d 233, in addressing this issue, cited Edwards v. Daugherty, 97-1542 (La.App. 3 Cir. 3/10/99), 729 So.2d 1112, writs denied, 99-1393 & 99-1434 (La.9/17/99), 747 So.2d 1105, wherein the Court explained the law applicable to the interpretation of statutes:
In interpreting a statute, we must “consider all parts together, giving effect to all parts, if possible, and not construing as surplusage any sentence, clause or word, if a construction can be legitimately found which will give meaning to and preserve all the words of the statute.” Perkins v. State Bd. of Elementary and Secondary Educ., 562 So.2d 930, 932 (La.App. 1 Cir.), writ denied, 565 So.2d *542 448 (La.1990). The legislature is never presumed to have inserted “superfluous, useless and meaningless words, sentences, phrases, or clauses in its enactments.” Colwell v. State, Through Office of Atty. Gen. Of Louisiana, 506 So.2d 941, 944 (La.App. 1 Cir.), writ denied, 508 So.2d 89 (La.1987).
We agree. A reading of LSA-R.S. 23:1310.4 in its entirety indicates the word “claimant” refers to the employee, not the employer, no matter who filed the WC-1008. To hold that “claimant” means anyone other than the employee in §§ A(2), (3) and (4) and particularly § B would cause separate references to “claimant” and “employer” in those sections, and the phrase “claimant and the employer” in § B of the statute would be confusing and lead to constructions that would not give meaning to and preserve all the words of the statute. Moreover, LSA-R.S. |423:1310(A), cited by Rowan, does not use the term claimant and should be read in conjunction with LSA-R.S. 23:1310.4 in order to determine “the district office where the hearing will be held.” Herein, the employer selected a site provided under LSA-R.S. 23:1310.4(A)(2); however, since the employee is the “claimant” under the provision, he is the one who selects the site pursuant to LSA-R.S. 23:1310.4(A)(1).
The claimant in the context of determining the situs of necessary hearings is the employee, and his designation is controlling. Therefore, the Office of Workers’ Compensation Judge’s ruling of September 24, 2002, hereby is reversed, and judgment is entered in favor of Terry Ryder. This matter is remanded to the Office of Workers’ Compensation, District 9, in order for this matter to be transferred to the proper venue consistent with this ruling. See LSA-R.S. 23:1310.4; Western Southern v. Lafleur, 99-810 (La.App. 3 Cir. 11/3/99), 746 So.2d 254, writ denied, 99-3387 (La.2/4/00), 754 So.2d 233.
WRIT GRANTED AND MADE PEREMPTORY; REMANDED WITH ORDER.