LOTTINGER, Judge.
On October 17, 1956, notices of deficiency in tax assessments were forwarded by the Collector of Revenue to Alva G. Blanchard and his wife, Mrs. Mary Davidson Blanchard. These notices were sent pursuant to LSA-R.S. 47:1565. On November 20, 1956, the petitioners filed petitions for redeter-mination with the Board of Tax Appeals. The collector took no action in the matter until February 13, 1957 when he filed answers to the petitions. Petitioners moved that the Board dismiss the cases because the answers of the collector were not filed within a thirty-day delay in accordance with provisions of Rule 10, of the Rules of Procedure and Practice of the Louisiana Board of Tax Appeals. The Board of Tax Appeals refused to dismiss the action. The petitioners appealed to the 19th Judicial District ’ Court. The collector thereupon moved that the appeal be dismissed, alleging that the decision of the Tax Board was not final, nor did same irreparably injure the petitioners, and on this basis the appeal *697 was dismissed by the Lower Court. The petitioners have now appealed to this Court.
Article 565 of the Louisiana Code of Practice gives a party a right to appeal from all final judgments rendered in causes to which an appeal is given by law. Article 566 of the Code of Practice provides that one may likewise appeal from all interlocutory judgments, when such judgment may cause an irreparable injury. The Courts have always refused to allow appeals from interlocutory judgments where no irreparable injury has been shown. As was held in Bessinger’s Estate v. Dupre, 1 Mc-Gloin 202 the law does not favor the bringing up of cases by fragments, and, therefore, they provided no appeal from interlocutory decisions unless they show irreparable injury. This sound reasoning has been followed on numerous occasions.
The petitioners claim that the language of LSA-R.S. 47:1434 clearly indicates that any ruling made by the Board of Tax Appeals is subject to review by the District Court. They base their contentions on the following wording of LSA-R.S. 47:1434:
“After a decision or. judgment of the board, the collector or the taxpayer may, within thirty calendar days after such decision or judgment has been rendered and signed, file a petition with the district court in accordance with the provisions hereinafter set out, for review of the said decision or judgment of the board. * * * ”
We do not feel that the Legislature, in setting up the Board of Tax Appeals, intended to give it such broad powers as to ignore the established law and jurisdiction of our state. LSA-R.S. 47:1413 provides that the Board may prescribe and promulgate rules and regulations not inconsistent with law or the provisions of this chapter.
We feel that the provisions of Article 565 and Article 566 of the Code of Practice should be read into the provisions of LSA-R.S. 47:1434, and that petitioners have no right to appeal from an interlocutory decree unless they have shown irreparable injury.
For the reasons assigned the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioners and the suit dismissed.
Judgment affirmed.