SHORTESS, Judge.
Franklin Press, Inc. (plaintiff) has moved for dismissal of an appeal taken by the Louisiana Department of Revenue and Taxation (Department). Originally, plaintiff filed a petition with the Board of Tax Appeals (Board) to contest a portion of a tax assessment by the Department. The Department responded with a declinatory exception of no subject matter jurisdiction which the Board overruled. The Department appealed that ruling to the Nineteenth Judicial District Court (District Court). LSA-R.S. 47:1434. Plaintiff filed a motion to dismiss in District Court which was granted after the District Court found the Board’s ruling was interlocutory and therefore not appealable absent a showing of irreparable injury. The Department has appealed to us, and plaintiff again has moved to dismiss the appeal. LSA-R.S. 47:1435.
The procedural question posed by plaintiff’s motion to dismiss is whether the Department now has a right to appeal the denial of its exception. LSA-C.C.P. art. 2162. Put more precisely, does the Department have a right at this time to have this court address the merits of its case? We hold that it does not now have that right.[1]
*658 The Board’s decision denying the exception was not a final one. Kyle v. Kyle, 358 So.2d 708 (La.App. 3rd Cir.1978); LSA-C. C.P. art. 1841. Judgments that are not final are not appealable absent a showing of irreparable harm, and the Department did not prove it would suffer irreparable harm. LSA-C.C.P. art. 2083. A dismissal of an appeal is appropriate when “there is no right to appeal.” LSA-C.C.P. art. 2162. The Department had no right to appeal the interlocutory judgment to the District Court, nor does it have a right to have this court address the merits of its appeal.
The Department further argues that the language of LSA-R.S. 47:1434 establishes its right to appeal; the statute provides for appeals from a “decision or judgment” of the Board. The Department asks that we read the statute as approving appeals from the Board’s interlocutory judgments. We are not referred to nor can we find any basis for such a radical step.
The legislation which established the Board gives no indication that the rules regarding interlocutory appeals should not prevail. Indeed, when referring to appeals beyond the district court level, LSA-R.S. 47:1435 mandates that those appeals shall be “in accordance with law.” In Blanchard v. Collector of Revenue, 98 So.2d 696 (La.App. 1st Cir.1957), the court treated the Board’s refusal to dismiss an action as an interlocutory judgment and thus unappealable absent irreparable harm. The court found no basis to deviate from well-settled procedural rules, noting that it was not the intent of the Legislature in creating the Board “to ignore the established law and jurisdiction of our state.” Blanchard, 98 So.2d at 697.
For the foregoing reasons plaintiff’s motion to dismiss the appeal is granted.
MOTION TO DISMISS GRANTED.

. The plaintiffs motion to dismiss raises the issue of the Department’s right to appeal to this *658 court the action of the District Court. In this situation, this court sits at the second level of review. However, we will not posit a second stratum of procedural questions which transforms the procedural question at the District Court level into "questions on the merits" at this level. Rather, guided by the broad considerations of LSA-C.C.P. art. 2162, we decide whether an appellate court may now resolve the question of jurisdiction raised by the exception.