602 So.2d 1153 (1992)
Lisa Kelso TINSLEY
v.
Douglas Monroe TINSLEY.
No. 24655-CW.
Court of Appeal of Louisiana, Second Circuit.
August 31, 1992.
Writ Denied September 25, 1992.
Kenneth Patrick Haines, Shreveport, for Douglas Monroe Tinsley.
Alan James Norris, Monroe, for Lisa Kelso Tinsley.
Before SEXTON, BROWN and STEWART, JJ.
WRIT DENIED.
Applicant, Douglas Monroe Tinsley, requests this court to issue a writ of mandamus directed to the 4th Judicial District Court, Parish of Ouachita, ordering that court to grant Mr. Tinsley a suspensive appeal from an interlocutory judgment overruling Mr. Tinsley's exception of improper venue.
Involved herein is a domestic dispute and particularly a hearing which has been set to determine child custody and support. Applicant who has the physical custody of the son of the marriage lives in Claiborne Parish. His wife who has physical custody of the daughter of the marriage, although disputed, lives in Ouachita Parish. The wife filed this action for divorce in Ouachita Parish. The husband filed an exception to venue which was tried and overruled. Twice applicant has sought and failed to obtain supervisory writs from this court on the denial of his exception of improper venue.
After receiving notification of this court's denial of his second writ application, Mr. Tinsley sought a suspensive appeal from the trial court which was denied. Mr. Tinsley now requests this court to issue a writ of mandamus ordering the trial court to grant him a suspensive appeal from the judgment overruling his exception of improper venue.
*1154 Proper venue in a domestic case is set forth by the provisions of LSA-C.C.P. Art. 3941. Under the provisions of LSA-C.C.P. Art. 44, an objection to venue ordinarily may be waived except in certain instances. The provisions of Art. 44 specifically state that the venue provided in Art. 3941 may not be waived. Similarly, the provisions of Art. 3941 not only state that the venue provided therein may not be waived, but also state that any judgment rendered in a court of improper venue is an absolute nullity.
In instances in which venue may be waived, the overruling of an exception to improper venue may cause irreparable injury because once the case is tried on the merits in the wrong venue, an appellate court has no practical means of correcting the error on appeal. Herlitz Construction Company v. Hotel Investors of New Iberia, 396 So.2d 878 (La.1981) at f. 1. Once a Louisiana court with both jurisdiction over the subject matter and the parties has rendered a valid judgment on the merits, to then vacate the judgment and retry the case in another venue would run counter both to considerations of judicial efficiency and fairness to the litigants. Convenience of the parties is a primary concern underlying the venue privilege, and nothing could be more inconvenient than retrying an entire case when an otherwise valid judgment already has been rendered.
On the other hand, the venue prescribed by Art. 3941 is jurisdictional. See Official Revision Comment (f) to Art. 3941. See also Craig v. Craig, 365 So.2d 1298 (La.1978). Judgments overruling exceptions to jurisdiction are not appealable absent a showing of irreparable harm. See Franklin Press, Inc. v. McNamara, 479 So.2d 657 (La.App. 1st Cir.1985), and Hose v. Hose, 446 So.2d 909 (La.App. 1st Cir. 1984). Thus, the judgment in this case, because of the non-waivable venue, is not appealable in the absence of a showing of irreparable injury. The inconvenience and expense of a trial on the merits necessitated by a court's refusal to sustain an exception does not by itself constitute irreparable harm within the scope of Art. 2083. See Fleniken v. Allbritton, 566 So.2d 1106 (La.App. 2d Cir.1990) and Women's Clinic v. Watson, 550 So.2d 864 (La.App. 2d Cir. 1989). Otherwise, the denial of numerous exceptions (including all peremptory exceptions) and motions for summary judgment would be immediately appealable in every instance, regardless of potential merit.
A party in a case with non-waivable venue is not precluded from seeking review of a judgment overruling an exception to venue in order to avoid the waste of time and expense of a possibly useless trial on the merits. See Herlitz, supra. However, in order to obtain supervisory review, an applicant must make a showing that the overruling of the exception is arguably incorrect. We note that applicant previously filed two emergency writ applications to this Court, seeking supervisory review of the judgment overruling the venue exception. The first application was denied for its failure to conform with the Uniform Rules for Louisiana Courts of Appeal. After reviewing the second application pursuant to the criteria set forth in Herlitz, supra, this court denied the application because applicant made an insufficient showing to warrant the exercise of this court's supervisory jurisdiction.
In moving for a suspensive appeal in this case, applicant made no showing that the trial court's ruling on the venue exception was arguably incorrect. Instead, applicant incorrectly relied on the rationale applicable in cases such as Crockett v. Crockett, 537 So.2d 334 (La.App. 1st Cir.1988), and Caldwell v. VAC Federal Credit Union, 545 So.2d 697 (La.App. 2d Cir.1989) which allows an appeal from either the denial or the granting of an exception of improper venue. These cases are distinguishable because they did not involve non-waivable venue under Art. 3941. Accordingly, while we are unaware of the trial court's reasons for judgment, the trial court herein was correct to deny applicant an appeal, regardless of the reasons the trial court may have announced in support of its ruling.