631 So.2d 40 (1994)
David Jerome WALLACE, Plaintiff-Appellee,
v.
Melissa Carroll WALLACE, Defendant-Appellant.
No. 25366-CA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
Rehearing Denied February 17, 1994.
James A. Hobbs, West Monroe, for defendant-appellant.
Mark M. Dennis, Metairie, for plaintiff appellee.
Before NORRIS, VICTORY and STEWART, JJ.
*41 STEWART, Judge.
Melissa Wallace appeals the judgment of the trial court overruling her exception of jurisdiction and granting David Wallace's petition for divorce. For the following reasons, we affirm the judgment of the trial court.

FACTS
David Jerome Wallace and Melissa Carroll Wallace were married on June 9, 1968. On August 20, 1992, Mr. Wallace filed a petition for divorce in Jefferson Parish. At the time he filed the petition, Mr. Wallace was domiciled in Jefferson Parish and Mrs. Wallace (who had physical custody of the couples' two children) was domiciled in Mississippi. In his petition, Mr. Wallace stated that the last matrimonial domicile was in St. Tammany Parish.
In late August or early September of 1992, Mr. Wallace was involuntarily transferred from his place of employment in Jefferson Parish to Ouachita Parish. He correspondingly established a new domicile in Ouachita Parish. On November 19, 1992, the trial court in Jefferson Parish, upon learning neither party in the lawsuit lived in Jefferson Parish, transferred the case to Ouachita Parish. On March 10, 1993, Mr. Wallace filed a rule to show cause seeking a judgment of divorce. On March 24, 1993, Mrs. Wallace filed an exception of no jurisdiction. The trial court rendered a judgment of divorce, overruling Ms. Wallace's exception of jurisdiction. Mrs. Wallace appeals.

DISCUSSION
Mrs. Wallace contends that the judgment of divorce is a nullity because it was rendered in an improper venue. The proper venue for a divorce action is the parish where either party is domiciled, or in the parish of the last matrimonial domicile. LSA-C.C.P. Art. 3941(A). The venue of a divorce action is jurisdictional and cannot be waived. Tinsley v. Tinsley, 602 So.2d 1153, 1154 (La.App. 2d Cir.1992), writ denied, 604 So.2d 1011 (La.1992); LSA-C.C.P. Art. 3941(B). A divorce judgment rendered in a court of improper venue is an absolute nullity. LSCA-C.C.P. Art. 3941(B).
Mrs. Wallace argues that the choices of venues to which this divorce action could have been transferred were fixed when the action was filed and that Ouachita Parish was not a viable venue when the action was filed. This divorce action could have only been transferred from Jefferson Parish to Ouachita Parish pursuant to LSA-C.C.P. Art. 123(A), forum non conveniens. In pertinent part LSA-C.C.P. Art. 123(A) states that:
[A] district court upon contradictory motion, or upon the court's own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought; however, no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this Article. [emphasis ours]
The phrase "where it might have been brought" delimits the choices of venues to which a transfer can be made. However, a change of venue is prohibited if the suit is pending "in the parish in which the plaintiff is domiciled." We shall first determine whether Ouachita Parish was a venue where this case "might have been brought." We shall then determine whether this prohibition on changes of venue is applicable in this case.
No Louisiana cases have interpreted the phrase "where it might have been brought." Federal courts have restrictively interpreted an identically worded federal change of venue provision, holding that the number of venue choices are limited to those that existed when the suit was filed. Hoffman v. Blaski, 363 U.S. 335, 342-43, 80 S.Ct. 1084, 1088-90, 4 L.Ed.2d 1254 (1960). However, Louisiana law requires that the provisions of the Code of Civil Procedure be construed liberally with due regard that the rules of procedure implement the substantive law and are not an end in themselves. LSA-C.C.P. Art. 5051. Accordingly, we choose to read this part of LSA-C.C.P. Art. 123(A) to allow the transfer of a case to any venue that may exist at the time a motion for a change of venue is made. See Hoffman, 363 U.S. at 352-53, 80 S.Ct. at 1094-95 (Brennan, J. dissenting) (discussing the multiple meanings *42 the phrase "where it might have been brought" may have).
At the time the trial court transferred this case from Jefferson Parish to Ouachita Parish, Mr. Wallace was domiciled in Ouachita Parish and the last matrimonial domicile was in St. Tammany Parish. In accordance with LSA-C.C.P. Art. 3941, both of these parishes were viable venues where the Wallaces' divorce action "might have been brought."
The second half of LSA-C.C.P. Art. 123(A) states that a case cannot be transferred if the suit is located "in the parish in which the plaintiff is domiciled." Arguably, the prohibition is waivable when, as it is here, the plaintiff apparently wanted the case transferred by the court. Whether a change of venue under this codal provision can be effectuated after the plaintiff has established a new domicile is res nova in Louisiana. We know of no public policy prohibiting this type of transfer when as here, neither Mr. Wallace nor Mrs. Wallace (who has custody of the couples' two children) live in the parish where the suit was initially filed. Reading this portion of the statute liberally pursuant to LSA-C.C.P. Art. 5051, we hold that this part of LSA-C.C.P. Art. 123(A) only prohibits a case transfer if the plaintiff is domiciled in the parish where suit was filed when the motion to change venue is made. At the time the Jefferson Parish court decided to transfer this case to Ouachita Parish, Mr. Wallace was domiciled in Ouachita Parish. Thus, this statutory restriction is not applicable.
In his brief, Mr. Wallace has asked for an award of damages against Mrs. Wallace for filing a frivolous appeal. Damages are appropriate when it is clear that the appeal was taken solely for the purpose of delay or when it is evident that appellant's counsel does not seriously advocate the position he has taken. In re Medical Review Panel, 578 So.2d 1011, 1013 (La.App. 4th Cir.1991). Mr. Wallace's frivolous appeal claim is totally unsupported by the record. Accordingly, we deny his request for damages.

CONCLUSION
Finding no error in the transfer of the instant case from Jefferson Parish to Ouachita Parish, we affirm the judgment below at Mrs. Wallace's costs.
AFFIRMED.

APPLICATION FOR REHEARING
Before NORRIS, LINDSAY, VICTORY, BROWN and STEWART, JJ.
Rehearing denied.