766 So.2d 701 (2000)
DANNY WEAVER LOGGING, INC., Plaintiff-appellee,
v.
NORWEL EQUIPMENT COMPANY, Defendant-appellant.
No. 33,793-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2000.
McGlinchey Stafford by M. Brent Hicks, Counsel for Appellant.
William R. Jones, Coushatta, Counsel for Appellee.
Before CARAWAY, KOSTELKA and DREW, JJ.
*702 CARAWAY, J.
In this case, the parties disputed the possibility of three venues before district courts in two parishes. The first district court transferred the action pursuant to La. C.C.P. art. 121 to Bienville Parish which was the plaintiff's alternative choice for venue and rejected defendant's claim that the parish of its domicile was the proper venue. This appeal was taken after the defendant's second exception on venue was again rejected in Bienville Parish. Finding that defendant's failure to timely appeal the venue ruling transferring the case to Bienville Parish amounted to a waiver of venue, we affirm the trial court's ruling.

Facts and Procedural History
Danny Weaver Logging, Inc. ("Weaver") filed this suit in Caddo Parish claiming a violation of Louisiana's Unfair Trade Practices Act and Consumer Protection Law, La. R.S. 51:1401, et seq. Weaver, with its principal place of business in Bienville Parish, purchased a loader for its logging business from Norwel Equipment Company Limited Partnership ("Norwel"), which has its principal place of business in East Baton Rouge Parish. The loader was delivered to Weaver in Bienville Parish in 1996 from Norwel's sales store in Caddo Parish. A security interest was provided Norwel by Weaver for the credit sale, and the documents for the transaction were executed in Bienville Parish by Danny Weaver ("Danny"), the president and owner of Weaver.
Weaver's petition alleges that in 1998, Weaver obtained a buyer for the loader for $24,000. At that time, there was a balance owed on the loader of $13,277.51. A Norwel employee in the Shreveport office instructed Weaver to endorse the $24,000 check received for the sale and send it to Norwel's Baton Rouge office, so that the amount owed on the loader could be paid, and the remaining balance of $10,722.49 could be remitted to Weaver. Weaver next alleges that when Norwel remitted the excess proceeds from the payoff of the loader, Norwel only remitted $3,310.44 and applied $7,412.04 to the Norwel account owed by Jerry Weaver, Danny's brother. Weaver claims that Norwel's request of the $24,000 check was a deceptive trade practice to pay off both accounts.
Norwel defended the suit in Caddo Parish with an exception for improper venue. Norwel argued that its main office in East Baton Rouge Parish had supervision over Weaver's account, and that the suit had to be brought in that parish under the general venue rule of La. C.C.P. art. 42(3).[1] To the contrary, Weaver argued that Norwel's Caddo Parish sales office had supervision over the Weaver account so that La. C.C.P. art. 77[2] allowed for venue in Caddo Parish. Additionally, after the hearing on the exception, Weaver argued in open court that since the contract between the parties for the initial sale of the loader was executed in Bienville Parish, La. C.C.P. art. 76.1[3] allowed for venue in Bienville Parish. Weaver therefore suggested to the court that pursuant to La. C.C.P. art. 121 the court could alternatively transfer the case to Bienville Parish.
The Caddo district court took the exception under advisement, and without further reasons, the court granted judgment on October 26, 1998 sustaining the exception *703 of improper venue and transferring the case to Bienville Parish. The record of the Caddo proceedings was filed in Bienville Parish on November 24, 1998.
Upon the lodging of the record in Bienville, Norwel filed a second declinatory exception of improper venue on December 10, 1998, and the transcript of the Caddo Parish evidentiary proceeding was filed in support of the exception. Norwel argued in brief that the Caddo ruling recognizing the Bienville Parish venue was improper. Both parties in their briefs contested the application of La. C.C.P. art. 76.1 to the case. Following a hearing in Bienville district court, a judgment denying the exception was rendered on April 15, 1999. No written reasons for judgment were issued.
In bringing this appeal[4] of the Bienville ruling, Norwel argues that East Baton Rouge Parish is the only proper venue for this action. In addition to disputing the application of La. C.C.P. art. 76.1, Norwel further argues that Weaver's cause of action for unfair trade practices is an action in tort and that the venue for tort claims under La. C.C.P. art. 74[5] further suggests that East Baton Rouge Parish, and not Bienville Parish, is the proper venue.

Discussion
While the merits of the disputed articles on venue have been twice considered in the district court rulings and are now reurged to this court, we choose to affirm the ruling that Bienville Parish is the proper venue not on the merits of the venue articles, but on the flawed procedure chosen by Norwel resulting in the waiver of venue in this case. In the initial action by the Caddo district court, two rulings occurred. First, the court granted Norwel's declinatory exception, ruling that Caddo Parish was an improper venue. Next, the court exercised its power pursuant to La. C.C.P. art. 121[6] and ordered the case transferred to Bienville Parish. This second interlocutory ruling, which was contrary to Norwel's argument regarding venue in East Baton Rouge Parish, was clearly an adverse ruling for Norwel. Nevertheless, Norwel elected not to appeal the Caddo interlocutory judgment ruling that proper venue is in Bienville Parish and not East Baton Rouge Parish. Norwel's failure to timely appeal the Caddo ruling before the further employment of the judicial process in arguably the wrong venue raises a significant procedural issue. We must therefore consider the procedural law and jurisprudence concerning the appealable interlocutory rulings in this case.
The Louisiana Supreme Court has indicated that an interlocutory ruling denying an exception of venue is appealable either by ordinary appeal under La. C.C.P. art. 2083[7] or through the supervisory writ process pursuant to La. C.C.P. art. 2201. Chambers v. LeBlanc, 598 So.2d 337 (La. 1992) and Herlitz Construction Co. Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878, note 1 (La.1981). The error of a trial court in denying a proper venue exception or in transferring the case to an improper venue cannot "as a practical matter" *704 be corrected on appeal after final judgment. Herlitz, supra. and Caldwell v. VAC Federal Credit Union, 545 So.2d 697 (La.App. 2d Cir.1989) (where this court allowed an appeal by the plaintiff of the interlocutory order transferring the case to another district court following the grant of an exception of venue). Reviewing the Herlitz decision, this court further explained in Tinsley v. Tinsley, 602 So.2d 1153, 1154 (La.App. 2d Cir.), writ denied, 604 So.2d 1011 (La.1992):
Once a Louisiana court with both jurisdiction over the subject matter and the parties has rendered a valid judgment on the merits, to then vacate the judgment and retry the case in another venue would run counter both to considerations of judicial efficiency and fairness to the litigants. Convenience of the parties is a primary concern underlying the venue privilege, and nothing could be more inconvenient than retrying an entire case when an otherwise valid judgment already has been rendered.
Generally speaking, both avenues of appealordinary appeal and supervisory writ appealare subject to time constraints which an appellant must follow in bringing the appeal. La. C.C.P. arts. 2087 and 2123 establish the delays for taking devolutive and suspensive appeals. Rule 4-3 of the Uniform RulesCourts of Appeal provides for a period "not to exceed thirty days from the date of the ruling at issue" in which the party aggrieved by the interlocutory ruling must begin the supervisory writ process.
However, for the ordinary appeal of an interlocutory ruling under La. C.C.P. art. 2083, the statutory events commencing the running of appellate time delays, which are the same for both devolutive and suspensive appeals, do not occur, leaving the timing for the taking of such appeal unclear. The events listed in La. C.C.P. arts. 2087(A)(1) and (2) and 2123(A)(1) and (2) commence the appellate delays upon "any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914."
Although these procedural events do not follow after the denial of an exception for venue or an order transferring the case to an improper venue, the timely exercise of the right of appeal of such interlocutory rulings should nevertheless occur before a party chooses to further utilize the judicial process in the wrong venue. Otherwise, the party will waive reassertion of the venue issue.
Erroneous interlocutory rulings falling outside the appellate protection of La. C.C.P. art. 2083 are "not independently and immediately appealable" and "must await rendition of an appealable judgment in the cause." People of Living God v. Chantilly Corporation, 251 La. 943, 207 So.2d 752, 753 (1968). For venue, however, the jurisprudence has required the early appeal of an erroneous ruling because "once the case is tried on the merits in the wrong venue, an appellate court has no practical means of correcting the error on appeal." Herlitz, supra. Any disadvantage that an incorrect ruling on venue may pose to the defendant does not impact the merits of the case, and therefore does not outweigh the costs of the subsequent employment of the resources of the judicial process in that venue. Tinsley, supra. For judicial efficiency and other "practical" considerations, the defendant is deemed to waive the right to reurge the venue issue once the case proceeds. Cf. Hebert v. Mid South Controls and Services, Inc., 96-378 (La.App. 3d Cir.10/9/96), 688 So.2d 1171, cert. denied, 522 U.S. 814, 118 S.Ct. 61, 139 L.Ed.2d 24 (1997).
An additional reason for requiring a timely appeal of an adverse interlocutory *705 venue ruling is to prevent the defendant from seeking other rulings from the district court while indefinitely withholding the erroneous venue ruling for later appeal before trial on the merits. For example, without a requirement for the timely appeal of an adverse interlocutory venue ruling, a defendant could seek summary judgment from the district court of wrong venue to first test the defense in that court before choosing whether to appeal or waive the venue issue. Even more troublesome in this case is Norwel's attempt to have the second district court review the judgment of the first district court instead of immediately appealing the adverse initial ruling. This further employment of the judicial process was a waiver of venue by Norwel.
Accordingly, we affirm the ruling of the district court denying Norwel's exception of venue. Norwel's failure to have timely appealed the Caddo Parish district court's order transferring the case to Bienville Parish resulted in the waiver of venue in Bienville Parish. Costs of the appeal are assessed to appellant.
AFFIRMED.
NOTES
[1] An action against a domestic partnership, or a domestic unincorporated association, shall be brought in the parish where its principal business establishment is located. La. C.C.P. art. 42(3).
[2] La. C.C.P. art. 77 provides: An action against a person having a business office or establishment in a parish other than that where he may be sued under Article 42 only, on a matter over which this office or establishment had supervision, may be brought in the parish where this office or establishment is located.
[3] La. C.C.P. art. 76.1 provides: An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
[4] On May 3, 1999, Norwel filed in the district court a motion for the fixing of time in which to file an application for supervisory writs for appeal to this court. Despite its failure to file its application within the 30 day period fixed by the trial court in accordance with URCA 4-3, on November 10, 1999 we ordered Norwel's untimely writ application converted to an ordinary appeal, noting Norwel's right of appeal of the interlocutory ruling pursuant to La. C.C.P. art. 2083, and in accordance with the ruling in Shows v. Shows, 434 So.2d 1090 (La.1983).
[5] La. C.C.P. art. 74 provides: An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.
[6] La. C.C.P. art. 121 provides: When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue.
[7] La. C.C.P. art. 2083 allows for the ordinary appeal "from an interlocutory judgment which may cause irreparable injury."