FREDERICKA HOMBERG WICKER, Judge.
 

 lain this civil matter, plaintiff/appellant Denise Farrar, on behalf of her minor children Emilia and Dora Farrar, challenges a judgment granting an exception of prescription and an earlier judgment granting an exception of improper venue. She contends that these judgments were erroneous. For the reasons that follow, we find that the judgment granting the exception of improper venue is not properly before this Court. Moreover, we affirm the judgment granting an exception of prescription.
 

 FACTS AND PROCEDURAL HISTORY
 

 This suit arises out of an accident that occurred on April 16, 2004. That day, Lester Irula was an employed as a painter by Certified Coatings of California, Inc. (“Certified Coatings”). While performing maintenance services on the Crescent 14City Connection bridge, Mr. Irula fell approximately 150 feet into the Mississippi River. At the time of his fall, Mr. Irula was wearing a safety harness, but the harness was not tied down. Mr. Irula perished as a result of his fall.
 

 Ms. Farrar filed her original petition in the Orleans Parish Civil District Court on April 15, 2005. Certified Coatings, the State of Louisiana, the unknown safety harness manufacturer, various individual representatives of Certified Coatings and the State of Louisiana, and various unknown insurers were named as defendants.
 
 [1]
 
 In the petition, Ms. Farrar asserted that her children Emilia and Dora Farrar are the survivors of Mr. Irula. Ms. Farrar further asserted that the defendants were liable to her children under
 
 *942
 
 various theories of liability, including the Louisiana Products Liability Act, general negligence, and negligent supervision. The defendants thereafter filed exceptions of improper venue alleging that venue was improper in Orleans Parish. On September 19, 2008, the Orleans Parish trial court ruled that Orleans Parish was an improper venue for this suit and ordered the suit transferred to the 24th Judicial District Court for the Parish of Jefferson. Plaintiffs failed to appeal or apply for supervisory writs from the September 19, 2008 venue ruling. Accordingly, the suit was transferred to the 24th Judicial District Court.
 

 After the suit had been transferred, the defendants filed exceptions of prescription contending that none of the defendants had been served by process within the applicable one year prescriptive period. After a hearing, the trial court granted the exceptions in open court on August 10, 2009. Seven days later, the trial court signed a judgment granting the defendants’ exceptions of prescription and dismissing Farrar’s claims with prejudice. On August 13, 2009, Farrar filed a notice of intention to appeal indicating that she intended to appeal the 24th Judicial ^District Court’s ruling granting the exception of prescription. The notice of intention to appeal did not mention the Orleans Parish Civil District Court ruling that venue was improper in Orleans Parish.
 

 Ms. Farrar specifies four errors on appeal. In the first three specifications, Ms. Farrar contends, for various reasons, that the Orleans Parish trial court improperly granted the defendants’ exception of venue. In the remaining error, Ms. Farrar contends that the Jefferson Parish trial court improperly granted the defendants’ exception of prescription.
 

 Specifications of Error: Venue
 

 We need not address the merits of Ms. Farrar’s arguments with the Orleans Parish trial court’s ruling on venue because Ms. Farrar waived venue in Jefferson Parish.
 

 The grant of an exception of improper venue is an interlocutory judgment. La. C.C.P. art. 1841;
 
 Savoie v. Rubin,
 
 01-3275 (La.6/21/02), 820 So.2d 486. “An interlocutory judgment is appealable only when expressly provided by law.” La. C.C.P. art. 2083(C). Thus, the proper procedural device for seeking appellate review of a judgment granting an exception of improper venue is an application for supervisory writs.
 
 See, e.g., Yell v. Sumich,
 
 2008-296 (La.App. 3 Cir. 10/15/08) 997 So.2d 69, 72. Ms. Farrar did not file an application for supervisory writs with the Fourth Circuit Court of Appeal. We cannot review the ruling of the Orleans Parish trial court now.
 

 This result is supported by Louisiana jurisprudence. In
 
 Danny Weaver Logging, Inc. v. Norwel Equipment Co.,
 
 33,793 (La.App. 2 Cir. 8/23/00), 766 So.2d 701, the plaintiff filed suit in Caddo Parish. The Caddo Parish district court granted the defendant’s exception of improper venue and transferred the suit to Bienville Parish. However, the defendant failed to appeal or seek supervisory |fireview of the Caddo Parish ruling.
 
 [2]
 

 Id.
 
 at 702-03. The
 
 *943
 
 defendant again contested venue in Bien-ville Parish. On appeal, the Second Circuit held that the defendant’s failure to timely seek supervisory review of the Cad-do Parish district court’s order transferring the case to Bienville Parish resulted in the waiver of venue in Bienville Parish. The Second Circuit articulated that it would “choose to affirm the ruling that Bienville Parish is the proper venue not on the merits of the venue articles, but on the flawed procedure chosen by [the defendant] resulting in the waiver of venue in this case.”
 
 Id.
 
 at 703.
 

 Similarly, in
 
 M & L Industries, L.L.C. v. Hailey,
 
 2005-940 (La.App. 3 Cir. 3/1/06), 923 So.2d 869, the plaintiff filed suit in Terrebonne Parish. Eventually, the various defendants filed an exception of improper venue. The trial court in Terre-bonne Parish granted the exception and transferred the suit to Concordia Parish.
 
 Id.
 
 at 872. The plaintiff never sought supervisory review of the judgment granting the exception of improper venue.
 
 Id.
 
 at 873. The defendants thereafter filed an exception of prescription in Concordia Parish, which was granted by the trial court.
 
 Id.
 
 at 872. The plaintiff filed an appeal contesting the judgments of the Concordia Parish trial court and the Terrebonne Parish trial court.
 

 On appeal, the defendants contended that the venue ruling was an interlocutory ruling and was not properly on appeal before the Third Circuit. The Third Circuit agreed, reasoning:
 

 Whether a venue ruling is appealable because it causes irreparable harm or reviewable pursuant to an application for supervisory writs, review must be sought in a timely manner or the venue issue is waived. Accordingly, [the plaintiff] waived venue in Concordia Parish by failing to timely file an |7appeal or seek writs when [the defendant’s] exception to venue was granted by Terre-bonne Parish district court and [the plaintiffs] case was transferred to Con-cordia Parish.
 

 Id.
 
 at 877.
 

 In this case, the Orleans Parish trial court granted the exception of improper venue and transferred this case to Jefferson Parish. Ms. Farrar did not timely contest that judgment. She therefore waived venue in Jefferson Parish and in this Court.
 

 Accordingly, these specifications of error have no merit.
 

 Specification of Error: Prescription
 

 Ms. Farrar also argues that the Jefferson Parish trial court erroneously granted the defendants’ exceptions of prescription. Ms. Farrar contends that the Jefferson Parish trial court erred because the order transferring this case to the 24th Judicial District Court instructed that the case be consolidated with any other related actions pending in the 24th Judicial District Court.
 
 [3]
 

 Prescription runs against all persons unless an exception is established by legislation. La. C.C. art. 3467. La. C.C. art.
 
 *944
 
 3492 provides that “[d]elictual actions are subject to a liberative prescription of one year.” This prescription commences to run from the day injury or damage is sustained.
 
 Id.
 

 Jurisprudence has recognized three theories upon which a plaintiff may rely to establish that prescription has not run; suspension, interruption and renunciation.
 
 See, e.g., Lima v. Schmidt,
 
 595 So.2d 624, 628 (La.1992). Prescription is interrupted by the commencement of suit against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. If action is commenced in|san incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
 
 Id.
 

 In this case, Ms. Farrar filed suit on April 16, 2004. She initially withheld service on all defendants. The State of Louisiana and its representatives were served on June 14, 2005. Certified Coatings and its representatives were served on June 10, 2005. Thus, none of the named defendants was served within the one-year prescriptive period.
 

 Ms. Farrar cannot claim that filing suit in Orleans Parish interrupted prescription because venue was improper in Orleans Parish. For prescription to interrupt, she would have had to serve the defendants within one year of the commencement of this action, which she did not do. The fact that the Orleans Parish trial court ordered that this ease be consolidated with any other cases pending in Jefferson Parish is of no legal significance for purposes of prescription. We find that the Jefferson Parish trial court did not err in granting the defendants’ exceptions.
 

 Accordingly, this assignment of error has no merit.
 

 CONCLUSION AND DECREE
 

 For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to Farrar.
 

 AFFIRMED.
 

 [1]
 

 . The defendants will hereinafter be collectively referred to as "the defendants.”
 

 [2]
 

 . At the time
 
 Danny Weaver Logging
 
 was decided, La. C.C.P. art. 2083 allowed for an ordinary appeal “from an interlocutory judgment which may cause irreparable injury.” Prior to the amendment of La. C.C.P. art. 2083, the Louisiana Supreme Court had long held that error of a trial court in denying a proper venue exception or in transferring the case to an improper venue constituted irreparable injury because the error could not "as a practical matter" be corrected on appeal after final judgment.
 
 See, e.g., Herlitz Construction Co. Inc. v. Hotel Investors of New Iberia, Inc.,
 
 396 So.2d 878, n. 1 (La.1981). Thus, the
 
 Danny Weaver Logging
 
 defendant could have
 
 *943
 
 appealed the trial court's judgment or utilized the supervisory writ process pursuant to La. C.C.P. art. 2201. It did neither.
 

 [3]
 

 . Ms. Farrar filed a petition for damages in the 24th Judicial District Court on April 15, 2005. This petition bears 24th Judicial District Court number 619-225 (the "619-225 petition”). The 619-225 petition contains the same allegations and named the same defendants as the Orleans Parish petition filed on April 15, 2005. The State of Louisiana and its individual representatives were dismissed with prejudice from the 619-225 petition on September 30, 2009. Certified Coatings and its individual representatives were dismissed with prejudice from the 619-225 petition on December 8, 2009.