68 So.3d 5 (2011)
Desiree FARRAR (on behalf of her minor children, Emilia and Dora)
v.
CERTIFIED COATINGS OF CALIFORNIA, INC.; Fred R. Cagle (individual/representative capacity); Scott Soldis (individual/representative capacity); John P. Wright (individual/representative capacity); Dan Martin (individually/representative capacity); State of Louisiana Department of Transportation and Development; Greg Carter (individual/representative capacity); Harness Manufacturer (unknown); (unknown) Liability Insurer of Defendant Certified Coatings; (unknown) Liability Insurer of (unknown) Defendant Harness Manufacturer.
No. 10-CA-421.
Court of Appeal of Louisiana, Fifth Circuit.
April 26, 2011.
*6 Stephen M. Smith, Attorney at Law, New Orleans, LA, Elton Heron, Attorney at Law, Geismar, LA, for Plaintiff/Appellant.
Frank A. Piccolo, Joseph E. Lee III, Preis & Roy, Attorneys at Law, New Orleans, LA, for Defendant/Appellee.
James D. "Buddy" Caldwell, Attorney General, Lance S. Guest, Assistant Attorney General, Department of JusticeLitigation Division, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.
This is an appeal by plaintiff from the trial court's granting of defendants' exception of improper service and denial of plaintiff's motion to set aside order of dismissal based on abandonment. For the reasons which follow, we affirm the trial court's judgment.

*7 STATEMENT OF THE CASE

On April 16, 2004, Lester Irula died when he fell from the Crescent City Connection bridge over the Mississippi River while working for defendant, Certified Coatings of California, Inc. On April 15, 2005, Desiree Farrar ("plaintiff), on behalf of Irula's two minor children, filed a petition for damages in the Twenty-Fourth Judicial District Court, against Certified Coatings of California, Inc., the State of Louisiana, through the Department of Transportation and Development, Crescent City Connection Division, and their insurers (collectively referred to as "defendants"). That matter was designated as Desiree Farrar v. Certified Coatings of California, Inc., District Court No. 619-325, Div. L. Plaintiff withheld service of this petition on the defendants.
Also on April 15, 2005, plaintiff filed an identical lawsuit, in the Civil District Court for the Parish of Orleans. On August 11, 2005, defendants filed an exception of improper venue in the Orleans Parish case, arguing the proper venue is Jefferson Parish because the accident occurred in Jefferson Parish.
While the exception of venue was still pending, Hurricane Katrina struck the area in August 2005. On September 19, 2008, the Orleans Parish court granted the exception of venue and executed an order of transfer, transferring the case to the Twenty-Fourth Judicial District Court in Jefferson Parish. This matter was designated as Desiree Farrar v. Certified Coatings of California, Inc., District Court No. 666-747, Div. L. The two cases were not consolidated in the Twenty-Fourth Judicial District Court.
On April 24, 2009, defendants filed a peremptory exception of prescription in case no. 666-747. The trial court granted the exception of prescription by written judgment on August 17, 2009, dismissing the claims of plaintiff, with prejudice. Plaintiff appealed and on appeal, this Court affirmed the trial court's granting of the exception. Farrar v. Certified Coatings of California, Inc., 09-920 (La.App. 5 Cir. 3/23/10) 38 So.3d 940. The plaintiff did not file an application for writs with the Louisiana Supreme Court.
In case no. 619-325, originally filed in Jefferson Parish, plaintiff requested service on the defendants for the first time on August 12, 2009. There was no other activity in this case between the date of filing of the petition, April 15, 2005, and August 12, 2009, when service of the petition was requested. On August 31, 2009, defendants filed an exception of insufficient service of process because more than ninety days had elapsed between the filing of the petition and request of service on defendants. On September 30, 2009, defendants also filed an ex parte motion to dismiss for abandonment asserting that there had been no steps taken between April 15, 2005 and July 31, 2009, which is more than three years, so the matter was abandoned. On September 30, 2009, the trial court signed an ex parte order dismissing the action as abandoned.
On October 14, 2009, plaintiff filed a motion to set aside order of dismissal arguing the trial court incorrectly granted the ex parte order of dismissal on September 30, 2009. On December 8, 2009, the trial court held a hearing on the defendants' peremptory exception of improper service and the plaintiffs' motion to set aside order of dismissal based on abandonment. The trial court granted the exception of improper service and denied the motion to set aside order of dismissal in open court. A written judgment was signed by the trial court on January 6, 2010. The trial court granted the exception of improper service because plaintiffs did not request service within ninety days *8 of filing of the petition, as required by LSA-C.C. art. 1201(C). The trial court found the five year abandonment period for cases delayed by Hurricane Katrina, pursuant to LSA-C.C.P. art. 561(A)(2) did not apply. The trial court applied the three year abandonment period of LSA-C.C.P. art. 561(A)(1) and found this matter to be abandoned because the plaintiffs did not take a step in the prosecution of this case for over three years, between April 15, 2005 and August 12, 2009.
Plaintiff now appeals the trial court's granting of the exception of improper service and the denial of the motion to set aside order of dismissal. In response, defendant, the State of Louisiana, filed an exception of res judicata in this Court. For the following reasons, we deny defendant's exception of res judicata and affirm the trial court's judgment granting the exception of improper service and denying the motion to set aside order of dismissal.

PEREMPTORY EXCEPTION OF RES JUDICATA
Defendant, the State of Louisiana, files this exception of res judicata asserting that the petition and appeal in this case should be barred because the trial court granted an exception of prescription and dismissed all claims by plaintiff in case no. 666-747 and this Court affirmed that dismissal on appeal. The State contends case no. 666-747 involves the same issues, same parties, and is the same cause of action as case no. 619-325, currently before this Court on appeal, therefore is it barred by res judicata.
The petition in this case, case no. 619-325, is identical to the petition in case no. 666-747, originally filed in Orleans Parish and transferred to Jefferson Parish. Once the petition was transferred to Jefferson Parish, the two lawsuits were not consolidated and they were each assigned to different divisions. The basis for the exception of prescription filed in case no. 666-747 was whether or not the plaintiff had requested service on defendants within one year of the filing of the suit originally in Orleans Parish. The trial court granted the exception of prescription finding the plaintiff's did fail to serve defendants within one year of filing the petition. The appeal to this Court from that judgment specifically addressed the timeliness of service of the petition in case no. 666-747. The case currently before this Court on appeal addresses the petition filed in case no. 619-325. While there are issues to be determined regarding timeliness of service of the petition in case no. 619-325, these issues are not barred by res judicata based on any judgment regarding service of the petition in case no. 666-747. Although the cases involve the same issues, same parties, and is the same cause of action, the decisions previously made by the trial court or this Court regarding procedural issues in case no. 666-747, do not bar this appeal concerning procedural issues in case no. 619-325. Accordingly, the peremptory exception of res judicata is denied.

DISCUSSION
On appeal, the plaintiff argues this lawsuit should not be considered abandoned. She asserts she is entitled to a five year abandonment period pursuant to LSA-C.C.P. art. 561(A)(2), rather than a general three year period of abandonment provided for in LSA-C.C.P. art. 561(A)(1), because Hurricane Katrina caused the delay in prosecuting this case. The lawsuit was filed April 15, 2005, therefore, the plaintiff contends this matter would not be deemed abandoned until April 15, 2010.
La. C.C.P. art. 561 provides, in pertinent part:

*9 A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
. . .
(2) If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, unless it is a succession proceeding:
. . .
Plaintiff's suit was filed April 15, 2005 and service of the petition was not requested at that time. No other filings or steps were taken in this case until more than four years later, on August 12, 2009, when plaintiff did request service of the petition on defendants.
The plaintiff contends the delay in prosecuting this case was a direct result of Hurricane Katrina. She asserts both her attorneys were forced to relocate from New Orleans. One returned in December 2007 and the other continues to reside outside of New Orleans. Plaintiff presents the affidavits of her two attorneys which stated Hurricane Katrina caused their homes to be destroyed, caused a disruption in their personal and professional lives, and caused them to be unable to locate plaintiff until December 2007.
In its ruling denying plaintiff's motion to set aside, the trial court pointed out that the Jefferson Parish court system was open in October 2005. LSA-C.C.P. art. 561(A)(2) provides that the failure to take a step in the prosecution or defense of a case must be a direct result of Hurricane Katrina. We find the plaintiff has failed to prove the delay of over three years is directly related to Hurricane Katrina. The courts of Jefferson Parish were open and, even considering that plaintiff's attorneys could not locate her until December 2007, she had no other cause for delay in taking a step in the prosecution of her case before April 16, 2008. Further, while there were no steps taken in case no. 619-325, originally filed in the Twenty-Fourth Judicial District Court, the plaintiff continued to pursue the case filed in Orleans Parish Civil District Court. On March 20, 2007, the plaintiff filed a Second Supplemental and Amending Petition. The plaintiff then filed oppositions to defendants' exceptions on April 4, 2007 and November 29, 2007. Additionally, the plaintiff participated in a hearing on April 13, 2007. The plaintiff actively opposed the change of venue from Orleans Parish to Jefferson Parish, but at the same time chose not to proceed with the Jefferson Parish case until July or August 2009. Hurricane Katrina was not the cause for any delay in pursuing the Jefferson Parish case, just as she pursued the case originally filed in Orleans Parish.
Therefore, we agree with the trial court and find the special provisions of LSA-C.C.P. art. 561(A)(2), which provide for a five year abandonment period, do not apply in this case because the plaintiff has not proven that the failure to take a step in the prosecution of this particular lawsuit was caused by or a direct result of Hurricane Katrina. We find the general three year abandonment period of LSA-C.C.P. *10 art. 561(A)(1) applies. Therefore, we find the trial court correctly dismissed this suit as abandoned and correctly denied plaintiff's motion to set aside order of dismissal.
Plaintiff also argues on appeal that the trial court confused the issue of abandonment with a dismissal for improper service. Plaintiff argues the trial court dismissed this matter without prejudice for improper service under LSA-C.C.P. art. 1201(C) not under LSA-C.C.P. art. 561, with prejudice. At the hearing on December 8, 2009, the trial court addressed both the motion filed by plaintiff and the exception filed by defendants. Following the hearing, the trial court denied the motion to set aside order of dismissal, maintaining the original order of dismissal as abandoned, and granted defendants' exception of improper service. Although the trial court did discuss the two issues together when ruling from the bench, the trial court's judgment indicates a separate ruling on the motion and the exception. Thus, we find no merit to plaintiff's argument on appeal. The trial court found the matter had been properly dismissed as abandoned pursuant to LSA-C.C.P. art. 561, and found the plaintiff had not properly served defendants, pursuant to LSA-C.C.P. art. 1201(C). Therefore, we find the trial court properly ruled on both issues without confusion and we affirm the trial court's judgment.
We also find the trial court correctly granted defendants' exception of improper service. When the plaintiff filed her petition in the Twenty-Fourth Judicial District Court in this case, she specifically requested that service be withheld on all defendants. LSA-C.C.P. art. 1201(C) provides that service of the citation shall be requested on all named defendants within ninety days of commencement of the action. Plaintiff did not request service on defendants until more than three years after filing the petition, which is clearly past the ninety days provided for by the statute. Therefore, we find the trial court correctly granted defendants exception of improper service.
Accordingly, the judgment of the trial court denying plaintiff's motion to set aside order of dismissal and granting defendants' exception of improper service is affirmed.
AFFIRMED; EXCEPTION DENIED