PER CURIAM.
| defendants filed a motion to transfer this action from Evangeline Parish to East Baton Rouge Parish based on forum non conveniens. The district court denied the motion. Relying on La.Code Civ. P. art. 123(A), the district court determined it could not transfer the action because plaintiff was domiciled in Evangeline Parish. Defendants sought supervisory review, which the court of appeal denied. Defendants now seek relief in this court.
La.Code Civ. P. art. 123(A) allows a district court to transfer a civil case to another district court where it might have been brought for the convenience of the parties and the witnesses. The article further provides, “no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this Article.” The jurisprudence interpreting this article has held the plaintiffs domicile is determinated at the time the motion to transfer is filed. See Wallace v. Wallace, 25,366 (La.App. 2 Cir. 1/19/94), 631 So.2d 40, 42 (holding La.Code Civ. P. art. 123(A) “only prohibits a case transfer if the plaintiff is domiciled in the parish where suit was filed when the motion to change venue is made”).
In the instant case, defendants submitted plaintiffs deposition testimony, which establishes that at the time the motion was filed, she was residing in East Baton 1 ¡¡.Rouge Parish and intended to remain in that parish. Additionally, defendants produced evidence indicating East Baton Rouge Parish is a more convenient venue for the suit, as the incident in question took place in that parish, the majority of the witnesses reside in that parish and other lawsuits arising out of the same incident have been filed in that parish. Under these circumstances, we find the district court erred in failing to grant defendants’ motion to transfer.
Accordingly, the writ is granted. The judgment of the district court is reversed, and the motion to transfer based on forum non conveniens is granted. The case is remanded to the district court, which is instructed to transfer the proceeding to the 19th Judicial District Court for the Parish of East Baton Rouge.
WEIMER, J., would grant and docket.